[No. 30515. Department One. March 26, 1948.]

THE STATE OF WASHINGTON, *on the Relation of Charles Onishi et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Roger J. Meakim, Judge, Respondent.*[1]

[1]Reported in 191 P. (2d) 703.

*Hile, Hoof & Shucklin,* for relators.

*E. K. Morohn,* for respondent.

MILLARD, J.—Relators (Charles Onishi and Frieda Onishi, husband and wife) seek a writ of prohibition to restrain the superior court for King county from entering an order requiring relator Charles Onishi, who is not within the state of Washington, to appear in Seattle and submit to an oral examination prior to trial of an action in which relators are parties defendant or, in the alternative, the answer of relators would be stricken and relators adjudged to be in default.

Relators, who are residents of Spokane and defendants in an action instituted by William Chong in the superior court for King county by the filing of summons and complaint, were, when the action was commenced, and still are, absent from and engaged in business without the state of Washington. Service upon relators was effected by attachment of certain real and personal property in Spokane county and publication of summons directed to relators. Since that publication of summons, service of all papers in the action has been made solely upon attorneys for relators.

Relators appeared specially and moved to quash the service. The motion was denied, whereupon relators appeared generally by answer and pleaded affirmative defenses to the action. October 23, 1947, notice was served upon attorneys for relators of oral examination of relator Charles Onishi to be taken on behalf of William Chong at Seattle, October 30, 1947. The examination was not had, as Charles Onishi was not within the state of Washington.

November 10, 1947, plaintiff Chong served upon attorneys for relators, notice of intention to apply to the superior court for King county, November 17, 1947, for a commission to take the deposition of Charles Onishi. The superior court issued an order, which was served upon attorneys for relators, directing relator Charles Onishi to appear at Seattle,

December 8, 1947, for oral examination. No notice, subpoena, or order was served upon either of the relators. There was no oral examination, as Charles Onishi was absent from this state. Plaintiff's motion for an order adjudging relators in contempt because of failure of Charles Onishi to appear for oral examination was denied.

Plaintiff filed motion, January 26, 1948, in superior court for King county, that attorneys for relators be compelled to produce Charles Onishi for oral examination within three days, and if not produced, that the answer of defendants (relators) be stricken. Counsel for relators resisted the motion on the grounds that relators were not within the state of Washington, that no process or order of the court had ever been served upon either of the relators personally, nor had any subpoena been served upon either of the relators personally. Counsel for relators also made affidavit that relators were willing that commission be issued for oral examination of Charles Onishi in California, where he is engaged in business, or that interrogatories be submitted for answer by him.

The trial court announced that motion would be granted and that an order would be directed requiring Charles Onishi to appear in Seattle within twenty days at his own expense, to submit to an oral examination prior to trial of the action in which relators are defendants, or, in the alternative, the answer of relators would be stricken and relators adjudged to be in default. The cause is now before us on petition of relators, and respondent's return thereto, for writ of prohibition to restrain the superior court from entering the order in question.

Counsel for relators contend that, as Charles Onishi, a defendant who was served with summons by publication in the action instituted by William Chong, and upon whom no process has ever been served personally, is outside the state of Washington, the superior court is without jurisdiction to compel Onishi to appear within this state for the purpose of taking his oral examination before trial of the action.

Counsel for respondent argues that, by reason of the general appearance of relators by answer and affirmative defense pleas in the action instituted against them by William Chong, the court acquired jurisdiction of defendants (relators) to the action, and that service by plaintiff on attorneys for defendants (relators) of notice and motion for an order requiring appearance of relator Charles Onishi for oral examination, was service upon relators and constituted service of such process upon Charles Onishi as would compel him to appear in Seattle for oral examination before trial of the action in which he was a party defendant.

Respecting oral examination before trial, Rule of Practice 7, subd. 2, provides:

"The testimony of a witness may be taken before any notary public upon oral examination when such witness is
"(a) An adverse party to the action; . . .
"Notice of an oral examination shall be given in the same manner and for the same time as in the case of taking a deposition. . . .
"The attendance of persons for oral examination pursuant to said notice, and the answering of proper interrogatories propounded in the course of any such oral examination, shall be compelled by the superior court in which the action is pending in the same manner as is provided by law for the taking of the depositions of witnesses, and the wilful refusal of any person to obey any proper order of said court in connection therewith shall constitute contempt of court."

The rules governing the taking of depositions will be found in Rem. Rev. Stat., §§ 1231 to 1248, inclusive.

It will be observed that Rule 7, *supra,* provides that the notice given of an oral examination before trial "shall be given in the same manner and for the same time as in the case of taking a deposition."

What is the procedure to be followed in taking the deposition of a witness in an action? Rule of Practice 7, subd. 1, which provides that the testimony of witnesses may be taken by deposition in certain cases, is the same as Rem. Rev. Stat., § 1231 [P.P.C. § 39-1], and reads as follows:

"The testimony of a witness may be taken by deposition,

to be read in the evidence in an action, suit, or proceeding commenced and pending in any court in this state, in the following cases: —

"(1) When the witness resides out of the county, and more than twenty miles from the place of trial;

"(2) When the witness is about to leave the county, and go more than twenty miles from the place of trial, and there is a probability that he will continue absent when the testimony is required;

"(3) When the witness is sick, infirm, or aged, so as to make it probable that he will not be able to attend at the trial;

"(4) When the witness resides out of the state."

Rem. Rev. Stat., § 1232 [P.P.C. § 39-5], provides that either party may commence taking testimony by depositions at any time after the court has acquired jurisdiction over the action and the persons of the parties thereto against whom the depositions are to be introduced.

Rem. Rev. Stat., § 1233 [P.P.C. § 39-13], provides that either party may have the deposition of a witness taken in this state. The notice of intention to take the deposition of such witness (one within this state) shall be served upon the adverse party or his attorney of record.

Rem. Rev. Stat., § 1234 [P.P.C. § 39-15], provides for shortening the time for notice in such case.

Rem. Rev. Stat., § 1235 [P.P.C. § 39-17], so far as pertinent, reads as follows:

"Any witness may be subpoenaed and compelled, by any officer authorized to take depositions, to appear and give his deposition at any place within twenty miles of the abode of such witness, . . ."

Rem. Rev. Stat., § 1236 [P.P.C. § 39-31], provides:

"The superior court shall have power to compel the attendance of witnesses, within this state, before notaries public, justices of the peace or any other person authorized by the laws of this state to take depositions in causes pending in any court of the state, . . ."

Rem. Rev. Stat., § 1237 [P.P.C. § 39-33], reads as follows:

"The officer before whom the deposition is to be taken in case of the refusal of any witness to attend or testify shall report to the superior court in and for the county in which

the witness resides, or is found, by petition, that due notice has been given of the time and place of taking the depositions and that the witness has been summoned in the same manner that witnesses are now summoned to appear and testify in the superior court of this state; and the fees and mileage of the witness has been paid, or tendered to the witness, for his attendance and testimony, and that the witness has failed and refused to attend or testify before such officer, in the cause mentioned in the notice and the subpoena; and ask an order of the court compelling the witness to attend and testify before such officer."

Rem. Rev. Stat., § 1238 [P.P.C. § 39-35], provides that, upon petition of the officer making the report, an order shall be made directing the witness to appear and give his testimony, and that a copy of the order shall be served upon the witness in the same manner that summons and complaints are now served. Refusal of the witness to obey such order shall be dealt with as for contempt.

Rem. Rev. Stat., § 1239 [P.P.C. § 39-3], provides for taking of depositions out of the state.

It is clear that the foregoing statutory provisions contemplate the taking of depositions of a witness who is within the boundaries of this state by the service of process upon the witness requiring his attendance; and, if the witness is outside the state of Washington, the statute (Rem. Rev. Stat., § 1239) contemplates the taking of his deposition outside the state of Washington by one of the authorized officials upon the issuance of a commission as provided by Rem. Rev. Stat., § 1240 [P.P.C. § 39-19], which reads as follows:

"Any superior court in this state, or any judge thereof, is authorized to grant a commission to take depositions within or without this state. The commission must be issued to a person or persons therein named, by the clerk, under the seal of the court granting the same, and depositions under it may be taken upon written interrogatories or upon oral questions or partly upon oral and partly upon written interrogatories, in the discretion of the court or judge granting the commission. Before any such commission shall be granted, the person intending to apply therefor shall serve upon the adverse party, or his attorney of record a notice

of his intention to make such application, stating the time when and the place where such application will be made, the action or proceeding and the name of the court or tribunal in which the deposition is to be used, and the name of the witness to be examined, which notice shall be served such time before the time when the application is to be made as to allow the adverse party, or his attorney, sufficient time by the usual route of travel to attend, and three days for preparation, exclusive of the day of service, unless the court or judge, for sufficient cause shown by affidavit, prescribe a shorter time. At the time the application is presented, the court or judge shall determine whether the deposition shall be taken upon written interrogatories, or upon oral questions, or partly upon oral and partly upon written interrogatories, in his discretion, and shall settle the interrogatories, if any have been served and the parties have not settled the same. The clerk, upon issuing the commission, shall attach the interrogatories thereto, if any have been agreed upon or settled by the court, and immediately forward the same to the commissioner. At least five days' notice must be given to the party or witness to be examined out of the state, in case such examination shall be had upon oral interrogatories, and the person before whom the deposition of the witness shall be taken shall have the same power to compel the attendance of such parties or witnesses as any person authorized to take such deposition within this state."

Rem. Rev. Stat., § 1241 [P.P.C. § 39-21], provides that when the party against whom the deposition is to be read is absent from, or a nonresident of, the state, and has no agent or attorney of record therein, he may be notified by publication of the taking of the deposition or of the application for a commission to take the deposition. Rem. Rev. Stat., §§ 1242 to 1248, inclusive, contain the provisions respecting certification and return of commission, use of the deposition upon the trial, use of deposition in a cause other than the one in which taken, certified testimony of deceased or absent witness, and use of depositions on appeal.

 A party to an action may be examined as a witness at the instance of the adverse party and may be compelled in the same manner and subject to the same rules of examination as any other witness to testify at the trial, or he may

be examined on a commission. Rem. Rev. Stat., § 1225 [P.P.C. § 42-1].

■ The manner of compelling attendance of a witness is by the service of a subpoena upon the witness. The pertinent statute reads as follows:

"No person shall be obliged to attend as a witness before any court of record, judge, justice of the peace, commissioner, referee, or other officer, in any civil action or proceeding out of the county in which he resides, unless his residence be within twenty miles of such court, judge, justice of the peace, commissioner, referee, or other officer; and no person shall be obliged to attend as a witness in any civil action or proceeding in a justice's court, unless his residence be within twenty miles of such court, whether within the county or not. Nor shall any person be compelled to attend as a witness in any civil action or proceeding, unless the fees be paid or tendered to him which are allowed by law for one day's attendance as a witness; and for traveling to and returning from the place where he is required to attend, provided such fees be demanded by him at the time of service of the subpoena." Rem. Rev. Stat., § 1215 [P.P.C. § 46-1].

■ Plaintiff Chong may take oral examination of Charles Onishi outside the state of Washington. To this procedure relators have never objected. Relators expressed in trial, and stipulated in this court, consent to a commission for the oral examination of Charles Onishi outside this state. Plaintiff Chong may, pursuant to the statute, which reads as follows, propound written interrogatories to relators, which they will be required to answer within twenty days:

"Instead of the examination being had at the trial, as provided by the last section, the plaintiff, at the time of filing his complaint or afterwards, and the defendant, at the time of filing his answer or afterwards, may file in the clerk's office interrogatories for the discovery of facts and documents material to the support or defense of the action, to be answered on oath by the adverse party." Rem. Rev. Stat., § 1226 [P. P. C. § 42-3].

"Such interrogatories shall be served in the manner provided by law for the service of summons, or by service upon the attorney of the party to be interrogated, and the answers

thereto shall be served and filed within twenty days after such service unless for cause shown a further time be allowed by the court. . . ." Rem. Rev. Stat., § 1227 [P.P.C. § 42-5].

■ The method prescribed by the statute to compel the attendance of a witness is by service of subpoena within this state upon such witness, and no person may be required to attend as a witness in any civil action in a court of this state unless his residence is within twenty miles of such court. Rem. Rev. Stat., § 1215. Where a witness is outside the state, he may not be compelled to attend by compulsory process.

■ Under the facts and the law applicable thereto, it is clear that the superior court had no jurisdiction to compel relator Charles Onishi to appear in Seattle for pretrial oral examination by plaintiff William Chong.

The service upon attorneys for relators of the notice and motion that relators' attorneys produce relator Onishi within the time specified for oral examination, was not equivalent to the service of such process as is required by the statute upon relator Charles Onishi that would compel him to appear in Seattle for pretrial oral examination. An apposite authority is *Olson v. Dist. Court*, 93 Utah 145, 71 P. (2d) 529, 112 A. L. R. 438. The supreme court of Utah held that the service of notice of the time and place at which the deposition of the opposite party will be taken under a statute providing that either party may take the deposition of a party or of a nonresident of the county, or of one about to leave the county, or of one too infirm to attend the trial, on serving upon the attorney for the adverse party previous notice of the time and place of examination, together with a copy of an affidavit showing the existence of the circumstances under which the taking of the deposition is permissible, is ineffective to require the attendance of such party where a statute provides, like Rem. Rev. Stat., § 1215, in the case at bar, that the process by which the attendance of a witness is required is a subpoena.

The statute (Rem. Rev. Stat., § 1215) defines the process by which the attendance of a witness may be required.

A mere notice to attorneys for relators that relator Charles Onishi was to be examined at a certain time and place, or merely a notice to relators' attorneys and an order by the court to those attorneys to produce relator Charles Onishi for pretrial examination, is not service of such process as would compel Charles Onishi to be present at such time and place and to submit himself to examination.

The trial court was without jurisdiction to compel the attendance within this state of relator Charles Onishi, who was without the state, for the purpose of pretrial oral examination. As the trial court assumed to act in excess of its jurisdiction, the writ of prohibition will lie to restrain it from proceeding.

Let the writ issue.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and HILL, JJ., concur.

