[No. 32979.   Department Two.   December 14, 1954.]

AIRCRAFT RADIO INDUSTRIES, INC., *Respondent*, v. M. V.
PALMER, INC., *Appellant*.[1]

[1]Reported in 277 P. (2d) 737.

*William C. Klein,* for appellant.

*Ned Hall,* for respondent.

WEAVER, J.—This is an action for the purchase price of certain electronic equipment. Defendant, a corporation, appeals from a judgment against it.

September 23, 1952, defendant's president ordered the equipment from plaintiff, a Connecticut corporation. The terms of the order are found in defendant's letter of that date. The letter reads:

" . . . After receipt of the equipment we shall check over the gear to see if it is in satisfactory design condition to permit it's use & shall determine what accessory equipments if any shall be needed. If the accessory equipments can be obtained & the equipment is satisfactory we shall notify you to this effect . . . *If the equipment does not meet our requirements or can't be use* [sic] *due to other factors, we shall return it freight prepaid to your warehouse to cancel the memo billing.*" (Italics ours.)

Plaintiff accepted these terms and shipped the equipment. It was received by defendant on October 15, 1952.

February 4, 1953, plaintiff's manager wrote defendant that the equipment had been in defendant's possession far in excess of any reasonable time required for its examination and study. Plaintiff requested payment.

Defendant answered plaintiff's letter on February 12, 1953, and asserted that

" . . . we, not you, determine acceptability & the date when this is either returned to your warehouse inventory or converted to an account payable of ours. . . ."

At the time of trial, January 14, 1954, the equipment was still in defendant's possession. Judgment was entered for plaintiff in the sum of $425.

Prior to trial, respondent's (plaintiff's) counsel gave notice to appellant that he would, on a day certain, apply to the court for an order directing the issuance of a commission to take the testimony of Herbert Gurian, a witness for respondent, before a notary public in New Haven, Connecticut. Over objection, the court directed the issuance of the commission. In addition, the order dated January 6, 1954, provided:

"That the interrogatories and cross-interrogatories as exhibited to the court are hereby allowed as and for the interrogatories to be propounded to said witness."

The record discloses no cross-interrogatories, and appellant states in his brief that none was filed.

Three days before trial, appellant's counsel served upon respondent's counsel a "Demand for Attendance and Testimony at Trial," which purported to require the attendance at the trial of Mr. Gurian, respondent's manager, "or another officer or officers of the corporation authorized to testify on its behalf."

Appellant claims it was error for the court to proceed with the trial of the case without respondent (plaintiff) or its manager being present in court because appellant was thus prevented from examining the adverse party as a witness at the trial. Hence, appellant assigns error (1) to the court's refusal to suppress the deposition of Mr. Gurian; (2) to the court's refusal to strike respondent's pleadings; and (3) to the court's refusal to enter judgment for appellant (defendant).

Appellant's argument is based upon its interpretation of Rule 42, Rules of Pleading, Practice and Procedure, 34A Wn. (2d) 106. This rule, promulgated January 2, 1951, read as follows at the time of trial:

"[1] A party to an action or proceeding shall not be precluded from examining the adverse party as a witness at the trial. [2] The testimony of a party at the trial may be re-

butted by adverse testimony. [3] If a party refuse to attend and testify at the trial, his complaint, answer or reply may be stricken out, and judgment taken against him, and he may also, in the discretion of the court, be proceeded against as in other cases of contempt; provided that this rule shall not be construed so as to compel any person to answer any question where such answer may tend to incriminate himself." (Sentences are numbered by us for reference.)

Specifically, appellant urges that it has been deprived of an opportunity to examine or cross-examine defendant's manager *at the trial.* It is not necessary that we burden this opinion with a delineation of the methods by which appellant may have examined or cross-examined Mr. Gurian in this action. It is sufficient to point out (a) that appellant elected not to submit cross-interrogatories when notified that Mr. Gurian's deposition was to be taken in Connecticut; (b) that the Rules of Pleading, Practice, and Procedure are replete with provisions for depositions, demands for admission, and methods of discovery; and (c) that the law of Connecticut provides for compulsory examination of witnesses residing in that state for use in trials pending in other states. General Statutes of Connecticut (Revision of 1949), §§ 7876, 7878.

The answer to the first question—whether the court erred when it refused to suppress the deposition of Mr. Gurian—is found in Rule 26, Rules of Pleading, Practice, and Procedure, 34A Wn. (2d) 84, not in Rule 42, as appellant contends.

The first part of Rule 26 reads as follows:

"(a) When Depositions May Be Taken. Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within twenty days after commencement of the action."

We note, parenthetically, that notice of taking Mr. Gurian's deposition was served more than twenty days after commencement of this action, so that it was not necessary to enter the order of January 6, 1954.

█ The first sentence of Rule 26, quoted *supra*, makes no distinction between the taking of the deposition of a party or of a witness. Hence, for the purpose of this case, we accept appellant's contention (without so holding) that Mr. Gurian's deposition is the deposition of respondent corporation. While written interrogatories, under Rule 33 (34A Wn. (2d) 97), may be addressed only to an adverse party, Rule 26 (quoted *supra*) is broad enough to permit a party to take his own deposition, since it provides that *"any party* may take the testimony of any person, *including a party*, by deposition . . ."  It is apparent that the rule permitted Mr. Gurian's deposition to be taken in Connecticut.

Under what circumstances may a party introduce his own deposition in evidence at the trial?

A subsequent portion of Rule 26 provides:

"(d) Use of Depositions. At the trial . . . any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:  . . .

"(3) The deposition of a witness, whether or not a party, may be used by *any party for any purpose* if the court finds:

"1, that the witness is dead; or

"2, that the witness resides out of the county and more than twenty miles from the place of trial, *unless it appears that the absence of the witness was procured by the party offering the deposition;* or

"3, that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or

"4, that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

"5, upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses

orally in open court, to allow the deposition to be used." (Italics ours.)

If Mr. Gurian's deposition is admissible in evidence, it is admissible by reason of Rule 26 (d) (3) 2, quoted *supra*.

■ Respondent is a Connecticut corporation. There is no evidence that it is qualified to do business in this state. The record discloses that Mr. Gurian is a resident of New Haven, Connecticut. We will take judicial notice of the fact that he resides out of Clark county, Washington, and more than twenty miles from the place of trial.

■ Paraphrasing 4 Moore's Federal Practice (2nd ed.), § 26.30, page 1196, the crux of the question is whether "absence" in the above italicized "unless" clause means *absence* from the county, and more than twenty miles from the place of trial, or *absence* from the trial.

In *Weiss v. Weiner*, 10 F. R. D. 387 (1950), defendant's deposition was taken before trial by agreement of the parties. For many months, the defendant had resided more than one hundred miles from the place of trial. The case was tried without defendant being present. His counsel introduced, and the court admitted in evidence, defendant's deposition. The court denied a motion for a new trial based upon the alleged error arising from the introduction of defendant's deposition, saying:

"I do not think it can justly be said that under the circumstances of this case, in so far as the court could gather them at the trial, the party had *procured* his own absence. The word 'procured' in this context would seem to imply that a party collusively instigated or induced a witness to remove himself from being subjected to a subpoena to testify at the trial, or at least had unfairly and for an improper purpose deliberately absented himself shortly before the trial from the jurisdiction so he could not be examined."

It is apparent that Mr. Gurian's deposition meets the requirements of Rule 26. It was not error for the court to admit it in evidence.

■ The second and third questions raised—that the court erred when it refused to strike respondent's pleadings and enter judgment for appellant—we consider together.

They are based upon the third sentence of Rule 42, quoted *supra*. The answer, in turn, depends upon the meaning of the first sentence of Rule 42, that "a party to an action or proceeding shall not be precluded from examining the adverse party as a witness at the trial."

Does this mean that a nonresident plaintiff must be physically present in court at the time of trial; or, if not present, his pleadings may be stricken? We think not.

The words, "shall not be precluded," suggest the question: "Precluded by what?"

Rule 42 (as it existed at the time of trial) appeared for the first time when the Rules of Pleading, Practice, and Procedure (34A Wn. (2d)) were promulgated in January, 1951. Its language was taken from statutory language appearing in RCW 5.04.040-060; Rem. Rev. Stat., §§ 1228-30. (These statutes are cited for the *sole* purpose of tracing the language of the rule. They were abrogated by Rule 44, Rules of Pleading, Practice, and Procedure, effective September 1, 1954.

Much of the language in RCW 5.04 and the situations covered by the sections therein included now appear in the Rules of Pleading, Practice, and Procedure treating with depositions, demands for admission, written interrogatories, and methods of discovery. RCW 5.04.040 discloses that *it was the filing of interrogatories* to be answered by the adverse party which did not preclude a party "from examining such adverse party as a witness at the trial."

When the subject matter (and much of the language) of these statutes was transferred into the Rules of Pleading, Practice, and Procedure, it did not create a new situation as appellant contends. Rule 42 and Rule 26 were promulgated at the same time. They are of equal force and must be interpreted so that one does not vitiate the other.

Under our present rules of civil procedure, the physical presence of a party to a lawsuit at the trial of the cause, can be compelled only in the same manner as any other witness. See *State ex rel. Onishi v. Superior Court*, 30 Wn. (2d) 348, 191 P. (2d) 703 (1948).

The trial court did not err when it refused to strike respondent's pleadings and enter judgment for appellant.

(December 2, 1954, Rule 42 was amended to eliminate the questions we found it necessary to discuss in this opinion.)

RCW 63.04.200 provides:

"Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer:  . . .

"Rule 3. (2) Where goods are delivered to the buyer on approval, on trial, or on satisfaction, or other similar terms, the property therein passes to the buyer: (a) When he signifies his approval or acceptance to the seller or does any other act adopting the transaction; (b) if he does not signify his approval or acceptance to the seller, but retains the goods without giving notice of rejection, then if a time has been fixed for the return of the goods, on the expiration of such time, and, if no time has been fixed, on the expiration of a reasonable time. What is a reasonable time is a question of fact."

One who purchases goods on approval or trial cannot delay the passing of title an unreasonable length of time merely by refusing to determine the adequacy or acceptability of the goods. Where, as in this case, there is no time fixed within which the vendee must test the equipment and determine whether it is satisfactory, he has a reasonable time to do so.

The trial court found that

". . . more than a reasonable time passed for the defendant [appellant] to examine the equipment and determine whether it met its requirements as aforesaid; that defendant continued to keep the equipment but refused and neglected to pay the purchase price therefor, although due demand was made."

The evidence does not preponderate against this finding.

The judgment is affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.