[S. F. No. 19746.   In Bank.   Feb. 7, 1958.]

PATRICK S. MITTON, Petitioner, v. THE STATE BAR
OF CALIFORNIA, Respondent.

Patrick S. Mitton, in pro. per., and Julius H. Selinger, for Petitioner.

Garrett H. Elmore for Respondent.

THE COURT.—This is a proceeding to review a recommendation of the Board of Bar Governors of The State Bar that petitioner be suspended from the practice of law for a period of three months.

The local administrative committee found in one count a violation of rule 7 (representing conflicting interest) and rule 10 (improperly advising on a case without being consulted in reference thereto) of the Rules of Professional Conduct. In other counts the local committee also found three solicitations in violation of rule 2 and recommended that petitioner be disbarred. The Board of Bar Governors dismissed all counts except two, each of which charged a solicitation. The board found each of the two counts to be true and recommended that petitioner be suspended from the practice of law for three months on each count, the suspension on each count to run concurrently.

It appeared in the proceedings that a former associate of petitioner was involved. After a lengthy investigation, the local administrative committee concluded that the associate was "a reluctant and ignorant participant in the activities" and was "far less culpable" than petitioner. The local committee also concluded that there were not sufficient facts to warrant disciplinary proceedings against the associate. Accordingly, the matter concerning the associate is closed.

On one count of solicitation, the board found that on or about May 30, 1954, petitioner wilfully solicited professional employment from Mr. and Mrs. Rob R. Middleton; that neither Mr. or Mrs. Middleton was a client or former client

of petitioner; that they did not get in touch with him or request anyone else to do so on behalf of either of them; and that petitioner was unknown to them prior to his solicitation of them. The essential elements of the solicitation are admitted by petitioner. The evidence indicates that Mrs. Middleton was involved in an accident about 2 a. m. on Sunday, May 30, 1954. She was taken by ambulance to the Palo Alto Hospital. Petitioner learned of the accident by seeing a police accident report. That same day petitioner got in touch with his associate and they went to the hospital sometime during the afternoon. Mrs. Middleton was not talking at that time, so petitioner and his associate conversed with Mrs. Middleton's sister, Marion J. McElhiney. Later that evening petitioner and his associate returned to the hospital and urged Mr. Middleton to retain them as counsel. At that time Mr. Middleton signed an attorney's retainer agreement. Both Mr. and Mrs. Middleton and Marion McElhiney testified that they were given to understand that petitioner and his associate were eyewitnesses to the accident. Petitioner admits that he was not an eyewitness but denied that he ever stated otherwise.

██ Petitioner contends that he went to the hospital to offer his services as an investigator, and that this is proper and is not a solicitation under rule 2. Petitioner's contention is without merit, for he urged retention as an attorney the very same day that he claims to have offered his services as an investigator, and he admitted that he had it in mind to ask them for their business as an attorney before he originally called on them. Moreover, any investigation service he might perform would be as an attorney, for he was not licensed as an investigator as required by section 7520 of the Business and Professions Code. The exemption from the license requirement in section 7522 is for "(f) An attorney at law in performing his duties as such attorney at law." ██ In *Libarian v. State Bar*, 21 Cal.2d 862, 865 [136 P.2d 321], the petitioner sought to excuse advertisements on the basis that they related only to his services as an income tax accountant and his notary fees. The court there stated: "If the petitioner should choose to continue as a practitioner at the bar of this state, he must comply with the standards of the legal profession. He should appreciate that when he is licensed to practice as an attorney at law, the professional services that he thus performs are performed by him as an attorney, whether or not some of the services could also be

rendered by one licensed in a different profession. One who is licensed to practice as an attorney in this state must conform to the professional standards in whatever capacity he may be acting in a particular matter.'' We conclude that the board properly sustained the charge of an improper solicitation of Mr. and Mrs. Middleton.

On the second charge of solicitation, the board found that in July, 1954, petitioner wilfully solicited professional employment with respect to the rezoning of property from John Waters and Carrol Waite; that neither John Waters nor Carrol Waite, nor Mission Engineers, Inc., their principal, was a client or former client of petitioner; that neither they nor any other agent of Mission Engineers, Inc., got in touch with petitioner or requested anyone else to do so on behalf of any of them; and that petitioner was unknown to them prior to his solicitation of them. Petitioner also admitted the essential elements of this solicitation. Petitioner seeks to justify his solicitation of Mission Engineers on the ground that a Mr. Aspes, a farmer from whom petitioner had purchased eggs, owned land related to the land that Mission Engineers was subdividing, and that Mr. Aspes indicated that he would be interested in discussing the matter with petitioner if other property owners involved were to seek another presentation of the rezoning matter before the planning commission. Such an interest of Mr. Aspes, however, would not justify petitioner's solicitation of Mission Engineers to employ him in their rezoning matter. An attorney may not initiate the organization of prospective litigants to provide employment for himself as their attorney. (*Sawyer* v. *State Bar*, 220 Cal. 702, 711-712 [32 P.2d 369].) Mr. Aspes did not testify. Mr. Waite testified that petitioner did not mention Mr. Aspes to him. Mr. Waters testified that petitioner said that he was preparing an appeal for rezoning for a client who owned land related to that being subdivided by Mission Engineers and proposed that Mission Engineers retain him as an advocate for the rezoning. Mr. Aspes did not retain petitioner and, in fact, later refused to do so. Mission Engineers also refused to retain petitioner. We conclude that the second count of solicitation was properly sustained by the Board.

Petitioner urges in mitigation that he was admitted to practice in January, 1954, and had been in practice only a few months when the violations occurred. He also urges

consideration of the fact that the charges have been pending for over two years. In the light of previous decisions and the circumstances involved here, it does not appear that the recommended discipline is excessive. (*Tonini* v. *State Bar,* 46 Cal.2d 491, 497 [297 P.2d 1]; *Higgins* v. *State Bar,* 46 Cal.2d 241, 246-247 [293 P.2d 455]; *Friday* v. *State Bar,* 23 Cal.2d 501, 504-505 [144 P.2d 564].)

It is ordered that Patrick S. Mitton be suspended from the practice of law for a period of three months, commencing 30 days after the filing of this opinion.