[No. 9857-8-I.  Division One.  June 1, 1982.]

KATHRYN A. CAMPBELL, *Petitioner,* v. A. H. ROBINS COMPANY, INC., ET AL, *Respondents.*

*Ralph Pittle, Douglass North,* and *Hennings, Maltman, Weber & Reed,* for petitioner.

*Williams, Lanza, Kastner & Gibbs* and *William J. Leedom,* for respondents.

RINGOLD, J.—Kathryn A. Campbell brought an action against A. H. Robins Company, Inc., a Virginia corporation (Robins), on August 1, 1977, for damages allegedly caused by an intrauterine device, the Dalkon Shield, manufactured by Robins. On November 16, 1979, Campbell served on local counsel for Robins a notice to attend trial, pursuant to CR 43(f)(1). The notice requested the presence at trial of 12 of Robins' agents, none of whom reside in the state of Washington. On November 24, 1980, Robins moved to strike the notice. In a pretrial order entered January 20, 1981, the trial court granted the motion to strike. We granted discretionary review and now vacate the order striking the notice to appear.

CR 43(f)(1) provides in relevant part:

A party, or anyone who at the time of the notice is an officer, director, or other managing agent (herein collectively referred to as "managing agent") of a public or private corporation, partnership or association which is a party to an action or proceeding may be examined at the instance of any adverse party. Attendance of such deponent or witness may be compelled solely by notice (in lieu of a subpoena) given in the manner prescribed in Rule 30(a) to opposing counsel of record. Notices for the attendance of a party or of a managing agent at the trial shall be given not less than 10 days before trial . . . For

good cause . . . the court may make orders for the protection of the party or managing agent to be examined.

Sanctions for refusal to attend and testify are set out in CR 43(f)(3):

> If a party or a managing agent refuses to attend and testify before the officer designated to take his deposition or at the trial after notice served as prescribed in Rule 30(a), the complaint, answer, or reply of the party may be stricken and judgment taken against the party, and the contumacious party or managing agent may also be proceeded against as in other cases of contempt. This rule shall not be construed:
>
> (A) to compel any person to answer any question where such answer might tend to incriminate him;
>
> (B) nor to prevent a party from using a subpoena to compel the attendance of any party or managing agent to give testimony by deposition or at the trial; nor
>
> (C) to limit the applicability of any other sanctions or penalties provided in Rule 37 or otherwise for failure to attend and give testimony.

The trial court, striking the notice to attend trial, reasoned:

> The court agrees with the position advocated by defendant A. H. Robins that CR 43(f)(1) does not expand the subpoena power of a Washington court. Since the individuals listed in the Notice reside outside the borders of the State of Washington, they cannot be compelled to attend trial in Washington. Plaintiff's Notice to Attend is stricken. The Court need not and does not reach the issue of whether any of the 12 individuals listed in the Notice would be managing agents of A. H. Robins under CR 43(f)(1).

Campbell argues that the effective limit of the subpoena power is not at issue here since no subpoena is required under CR 43(f) to compel the managing agent of a party to attend trial; the rule is designed to avoid the territorial limitations of a subpoena, and contains no geographical limitations.

Robins responds that CR 43(f) merely establishes an alternative method for serving compulsory process on a party or its managing agent by notice to counsel rather than a subpoena, and that the notice procedure is circum-

scribed by the same limitations as the subpoena power. Robins relies on the rule that nonresident witnesses may not be compelled to appear at trial in Washington. *State ex rel. Onishi v. Superior Court,* 30 Wn.2d 348, 191 P.2d 703 (1948); *Aircraft Radio Indus., Inc. v. M.V. Palmer, Inc.,* 45 Wn.2d 737, 277 P.2d 737 (1954). Robins additionally contends that CR 43(f) would be unconstitutional if construed to apply to nonresident managing agents because due process requires that an individual have certain "minimum contacts" with a state before personal jurisdiction may be exercised. *See, e.g., Shaffer v. Heitner,* 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977).

We agree with Campbell that the territorial reach of compulsory process is not at issue here. Robins' argument misapprehends the nature of a notice to attend trial. Campbell did not ask the trial court to compel the attendance of a nonresident witness or to issue a subpoena for service outside Washington. Rather, the notice was addressed to Robins, a party, requesting the appearance of certain of its managing agents at trial. The rule authorizes the court in its discretion to levy sanctions against the employer, Robins, if its managing agents fail to appear. CR 43(f)(3). The rule avoids the limitations of the subpoena power by addressing its sanctions to the party who has the responsibility to comply with the notice.

The intent of CR 43(f) is made clear by the commentators. Both Dean Lewis H. Orland and Professor Robert Meisenholder participated in drafting the civil rules. In their respective volumes of Washington Practice, they state that rule 43(f) was adopted to remove the territorial limits preventing courts from compelling nonresident parties and their managing agents to appear at trial in Washington. Orland states:

[N]o subpoena is necessary. The prior practice insofar as it was affected by [*Aircraft Radio*] and [*Onishi*] is altered.

. . .
. . . The nonresident party is therefore no longer

beyond the reach of his opponent who desires to examine him at trial, unless he is willing to incur serious penalties.

. . .

. . . [The] sanctions are essentially coercive, and arise from the court's control of the litigation. They can have no extraterritorial effect other than that which results from the forum's control of the litigation. . . .

. . .

. . . The application of the sanctions under Rule 43 is discretionary. . . .

. . .

The reach of a Rule 30(a) notice, as it relates to adverse parties and managing agents, is world–wide; a Rule 30(b) protective order may be applied for to prevent hardship.

4 L. Orland, Wash. Prac. 120–33 (1968). As for the subpoena power, Orland continues:

RCWA 5.56.010 authorizes statewide service of subpoenas. . . .

No matter what limitations there may be on the effective reach of subpoenas, no problems are presented when the presence of a party, as distinguished from a witness, is desired. A non–resident party can be reached anywhere in the world by a Rule 30 notice to counsel, as authorized in Rule 43.

Orland, *supra* at 155–57. Meisenholder comments to the same effect:

Prior to the adoption of [rule 43(f)] the physical presence of a party at the trial could only be compelled in the same manner as that of any other witness. Formerly, a party who could not be reached by a subpoena within the jurisdiction could not be compelled to attend the trial. The present form of the rule was adopted to require attendance of a party by the specified notice whether or not he is in the jurisdiction.

(Footnotes omitted.) 5 R. Meisenholder, Wash. Prac. 158 (1965).

The conclusion that CR 43(f)(1) is not limited by the subpoena power is supported by the history of the rule. *Onishi* and *Aircraft Radio,* cited by Robins, do stand for the proposition that nonresidents, including parties and

their managing agents, may not be compelled to appear as witnesses in Washington. The continued vitality of that proposition, however, depends on the effect of subsequent changes in the statutes and court rules upon which those cases relied.

*Onishi,* decided in 1948, concerned a civil action against a resident of Spokane who was absent from the state on business. Jurisdiction was obtained by attaching his property located in Spokane. After unsuccessfully contesting the jurisdiction of the court, Onishi's counsel entered a general appearance. The plaintiff served Onishi's counsel with a notice for Onishi to appear in Seattle for oral examination. After Onishi failed to appear the trial court ordered him to appear, indicating that his answer would be stricken if he again failed to appear. Onishi petitioned the Supreme Court for a writ of prohibition against the King County court, claiming that he could not be compelled to appear. Opposing counsel argued that since Onishi had submitted to the jurisdiction of the court by appearing generally, service of process on Onishi's local counsel was sufficient to constitute service on Onishi himself. *Onishi,* at 349–51.

The Supreme Court granted the writ, and held that the trial court was without jurisdiction to compel Onishi's attendance in Washington: "Where a witness is outside the state, he may not be compelled to attend by compulsory process." *Onishi,* at 356. The court based its decision on the then current subpoena statute, Rem. Rev. Stat. § 1215, which provided that a witness could not be compelled to testify outside his county of residence unless he resided within 20 miles of the court.[1] The court also relied on the discovery rules, Rule of Practice 7(2), 18 Wn.2d 36–a (1944); Rem. Rev. Stat. §§ 1231–1248, which provided that the proper method of taking pretrial oral testimony from a nonresident party was the same as for depositions of non-

---

[1]This statute was amended in 1963 to provide for a statewide subpoena, allowing a party to petition the court to compel the attendance of a witness residing more than 20 miles away. *See* RCW 5.56.010.

resident witnesses, that is, by oral or written deposition taken outside the state. *Onishi,* at 351–55.

Following the decision in *Onishi,* the Supreme Court adopted RPPP 42:

### TESTIMONY OF ADVERSE PARTY

A party to an action or proceeding shall not be precluded from examining the adverse party as a witness at the trial. The testimony of a party at the trial may be rebutted by adverse testimony. If a party refuse to attend and testify at the trial, his complaint, answer or reply may be stricken out, and judgment taken against him, and he may also, in the discretion of the court, be proceeded against as in other cases of contempt; provided that this rule shall not be construed so as to compel any person to answer any question where such answer may tend to incriminate himself.

34A Wn.2d 106 (1951); *See Aircraft Radio,* 45 Wn.2d at 739–40. The central issue considered by the court in *Aircraft Radio* was the meaning of the phrase, "shall not be precluded," as used in RPPP 42. The plaintiff, a Connecticut corporation, had taken the deposition of its manager in Connecticut for use at trial in Washington. The defendant asked the court, pursuant to rule 42, to compel the attendance of the manager at trial for examination and to levy sanctions if he failed to attend. The trial court refused, and admitted the deposition into evidence. The Supreme Court affirmed, citing *Onishi* for the rule that parties could be compelled to attend trial "only in the same manner as any other witness." *Aircraft Radio,* at 743. The court held that the phrase "A party . . . shall not be precluded from examining the adverse party as a witness at the trial" as used in rule 42 referred only to preclusion by the filing of interrogatories, and did not confer on the defendant a right to examine a nonresident managing agent. *Aircraft Radio, supra.*

In 1954, the Supreme Court amended RPPP 42 to incorporate the holdings of *Aircraft Radio* and *Onishi*:

## Rule 42
### TESTIMONY OF ADVERSE PARTY

(a) *Party as adverse witness.* A party to an action or proceeding may be examined as a witness at the instance of any adverse party and for that purpose may be compelled, in the same manner as any other witness, to testify at the trial. A party who has filed interrogatories to be answered by the adverse party or parties shall not be precluded for that reason from examining such adverse party or parties as a witness at the trial. The testimony of a party at the trial or on interrogatories shall not bind his adversary but may be rebutted.

(b) *Refusal to testify; penalty.* If a party refuses to attend and testify at the trial after having been subpoenaed in accordance with Rem. Rev. Stat., § 1215 [*cf.* RCW 5.56.010], his complaint, answer, or reply may be stricken out and judgment taken against him, and he may also be proceeded against as in other cases of contempt; provided that this rule shall not be construed so as to compel any person to answer any question where such answer might tend to incriminate him.

45 Wn.2d xxx (effective Jan. 3, 1955). In 54 Wn.2d at lix, the rule was renumbered as RPPP 43.04W, without change of text.

In 1961, however, RPPP 43.04W underwent a major revision[2] which formed the basis for the present CR 43(f),

---

[2]The new RPPP 43.04W provided, in pertinent part:
"TESTIMONY OF ADVERSE PARTY OR MANAGING AGENT
"(a) **Party or Managing Agent as Adverse Witness.**

"A party, or anyone who at the time of the notice is an officer, director, or other managing agent (herein collectively referred to as "managing agent") of a public or private corporation, partnership or association which is a party to an action or proceeding may be examined at the instance of any adverse party. Attendance of such deponent or witness may be compelled solely by notice (in lieu of a subpoena) given in the manner prescribed in Rule 30(a) to opposing counsel of record. . . . For good cause . . . the court may make orders for the protection of the party or managing agent to be examined.
". . .
"(c) **Refusal to Attend and Testify: Penalties.**

"If a party or a managing agent refuses to attend and testify before the officer designated to take his deposition or at the trial after notice served as prescribed in Rule 30(a), the complaint, answer, or reply of the party may be stricken and judgment taken against the party, and the contumacious party or managing agent may also be proceeded against as in other cases of contempt. This rule shall not

adopted with the civil rules in 1967. 57 Wn.2d xxvi (1961); 71 Wn.2d xcv (1968). Gone was the language from *Onishi,* which provided that a party could only be compelled "in the same manner as any other witness." The new rule provided that parties and their managing agents "may be examined at the instance of any adverse party. Attendance of such deponent or witness may be compelled solely by notice (in lieu of a subpoena) given in the manner prescribed in Rule 30(a) to opposing counsel of record." The section of the old rule limiting sanctions to "a party" who "refuses to attend . . . after having been subpoenaed" was also changed, the new rule providing for sanctions against either the party or managing agent and not requiring service of a subpoena. The change in the rule was intended to remove the territorial limits encountered under the prior practice. L. Orland, *supra;* R. Meisenholder, *supra.*

Insofar as *Onishi* supports the proposition that a trial court may not enter sanctions against a nonresident party who fails to respond to an order to appear, it was overruled *sub silentio* in *Allen v. American Land Research,* 95 Wn.2d 841, 631 P.2d 930 (1981). In *Allen* the trial court entered a contempt order when a nonresident judgment debtor failed to attend supplemental proceedings, pursuant to RCW 6.32, after a notice to attend was served on his Washington counsel. The Court of Appeals struck the contempt order, citing *Onishi. Allen v. American Land Research,* 25 Wn. App. 914, 611 P.2d 420 (1980). The Supreme Court reversed the Court of Appeals and reinstated the contempt order, but neither cited *Onishi* nor construed CR 43(f). The court held that the trial court had continuing jurisdiction over the debtor by virtue of the original appearances in the action, and that notice to Washington counsel was sufficient

---

be construed: (1) to compel any person to answer any question where such answer might tend to incriminate him; (2) nor to prevent a party from using a subpoena to compel the attendance of any party or managing agent to give testimony by deposition or at the trial; nor (3) to limit the applicability of any other sanctions or penalties provided in Rule 37 or otherwise for failure to attend and give testimony." 57 Wn.2d xxvi (1961).

to constitute notice to the nonresident debtor. *Allen,* 95 Wn.2d at 850. Failure to attend after notice to local counsel may therefore result in a contempt order against a party, even where the party is beyond the reach of a subpoena.

We hold that under CR 43(f)(1), nonresident parties and their managing agents may be "compelled" to attend trial in Washington by service of a notice to attend on local counsel. This "compulsion" does not require service of a subpoena or involve the trial court in a direct exercise of the subpoena power over a nonresident. The "compulsory" power of a CR 43(f) notice to appear depends rather on the power of the court over the parties to the action, and the expectation that a party faced with sanctions will exercise its own power over its managing agents. We express no opinion as to the power of the court to impose sanctions under CR 43(f)(3) on individual managing agents who fail to appear at trial following a notice to attend. Nor do we express an opinion on the extent of the trial court's discretion to grant protective orders to Robins under CR 30(b) and CR 43(f)(1). Because the attendance of managing agents of a party may be "compelled" by sanctions against the party itself, who is already subject to the jurisdiction of the court, any potential due process problem is avoided. *See Allen v. American Land Research, supra.*

The trial court erred in its conclusion that it had no authority to enforce the notice to attend trial. The trial court's order striking the notice to attend is vacated and the cause remanded for additional proceedings consistent with this opinion.

DURHAM, A.C.J., and CALLOW, J., concur.

Reconsideration denied July 1, 1982.

Review denied by Supreme Court October 8, 1982.