661 P.2d 208

**Herbert W. ARMSTRONG, Petitioner,**

v.

**The Honorable Robert J. HOOKER, Judge of the Superior Court in and for the County of Pima, Respondent,**

and

**Ramona Armstrong, Real Party in Interest.**

**No. 2 CA–CIV 4658.**

Court of Appeals of Arizona, Division 2.

Dec. 20, 1982.

Rehearing Denied Feb. 2, 1983.

Review Denied Mar. 8, 1983.

Wolfe & Ostapuk, Tucson, Ervin, Cohen & Jessup, Beverly Hills, Cal. by David Wolfe and David Ostapuk, Tucson, and Allan Browne, Beverly Hills, Cal., for petitioner.

Stephen D. Neely, Pima County Atty. by Harold L. Higgins, Deputy County Atty., Tucson, for respondent.

Ettinger & Deckter, P.C. by Louis L. Deckter, Tucson, for real party in interest.

## OPINION

HOWARD, Chief Judge.

Can an out-of-state plaintiff be compelled to attend court proceedings within the state by order of the court? This is the issue to be decided by this special action. Since the trial court's order compelling attendance was an interlocutory, non-appealable order, see A.R.S. § 12–2101, a special action is an appropriate vehicle for review of the trial court's order. *Nataros v. Superior Court of Maricopa County*, 113 Ariz. 498, 557 P.2d 1055 (1976).

Petitioner (husband), the 90-year-old patriarch of the World Wide Church of God, is a resident of Pasadena, California, and filed a petition for dissolution of marriage in the Pima County Superior Court. On November 23, 1982, a hearing was held before the respondent court regarding a trial date for the dissolution action and pending motions. At that hearing the respondent court, sua sponte, ordered that both parties be present at any and all hearings held in court. However, at a November 29 hearing this order was modified by requiring both parties to be present at all hearings at which testimony would be heard. It is from the November 29 order that this special action has been taken.

The transcript of the November 23 hearing shows the trial court's reasoning behind its order:

"... specific orders and directions need to be given to the parties. We've had a lot of motions concerning cooperation, a lot of motions concerning allegations of contact of the other party; appears to me that there are many matters that we're going to have hearing on that I may want to question the parties directly myself on it and make determinations myself of the parties and to enter personal orders concerning the parties."

Both the real party in interest (wife) and the respondent court contend that trial courts have the broad and inherent power to do those things necessary for the proper functioning of their courts and this order compelling the attendance of a non-resident party falls within that inherent power.

■ In the absence of a statute, a state court cannot require the attendance of a witness who is a non-resident of, and is absent from, the state. *Burns v. Amrine*, 156 Kan. 83, 131 P.2d 884 (1942); *State ex rel. Onishi v. Superior Court for King County*, 30 Wash.2d 348, 191 P.2d 703 (1948); *Cattle Farms, Inc. v. Abercrombie*, 146 So.2d 689 (La.App.1962); reversed on other grounds, 244 La. 969, 155 So.2d 426 (1963). We have no such statute in Arizona which is applicable to civil cases.[1]

A.R.S. § 12–2211 which deals with the attendance of witnesses in civil cases does not give the court such power, nor does Rule 45, Arizona Rules of Civil Procedure, 16 A.R.S. (governing the issuance of a subpoena), or Rule 614, Arizona Rules of Evidence, 17A A.R.S. (which allows the court to call a witness on its own or at the suggestion of a party).

---

1. In criminal cases non-resident witnesses can be secured under the Uniform Act to Secure The Attendance of Witnesses From Without a State In Criminal Proceedings. A.R.S. § 13–4091 et seq.

The wife and respondent court recognize such lack of power as to non-resident witnesses but contend that when the witness is a party, the inherent power of the court permits it to summon a non-resident party who is absent from the state. We do not agree. In civil proceedings the court has no inherent power to order the physical presence of a litigant other than as a witness. *Mitton v. State Bar,* 49 Cal.2d 686, 321 P.2d 13 (1958); *State ex rel. Onishi v. Superior Court for King County,* supra; *Campbell v. A.H. Robbins Company, Inc.,* 32 Wash.App. 98, 645 P.2d 1138 (1982). Since the trial court has no power to compel the husband's attendance as a witness, it has no power to compel his attendance as a party.

The order of November 29, 1982, is vacated and set aside.

HATHAWAY and BIRDSALL, JJ., concur.