Margaret K. CRAFT, Appellant,

v.

Yash CHOPRA, M.D., an individual, Baptist Medical Center of Oklahoma, an Oklahoma health care corporation, and Northwest Anesthesia, an Oklahoma partnership, Defendants,

and

Sharpstown General Hospital, Appellee.

No. 84822.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 31, 1995.

C.C. Smith, Angela K. Fenwick, Peterman, Smith & Associates, P.C., Edmond, for Appellant.

Charles E. Geister, III, Ryan, Geister & Whaley, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Margaret K. Craft (Craft) seeks review of the trial court's order granting sanctions in the form of a money judgment for attorney fees and expenses to Appellee Sharpstown General Hospital (SGH) after denial of Craft's motion to compel production of documents. Herein, Craft asserts error of the trial court (1) in denying the motion to compel, and (2) in granting sanctions. We here hold the trial court did not err in granting judgment to SGH, and affirm.

Relevant hereto, Craft commenced the instant action against Defendants Yash Chopra, M.D. (Chopra), Baptist Medical Center of Oklahoma (BMC), and Northwest Anesthesia (NWA), alleging that Chopra sexually battered her in the course of administration of anesthesia preceding the delivery of Craft's second child, that BMC and/or NWA knew of Chopra's propensities in this regard, but that BMC concealed this and other facts concerning Chopra from Craft. During discovery, Craft learned that one or more of Chopra's colleagues at BMC and/or NWA had written letters of recommendation on Chopra's behalf to SGH, a hospital located in Texas, after Chopra sought privileges there.

Craft sought production of those letters of recommendation from SGH by certified mail service of a subpoena issued by the Oklahoma County Court Clerk on SGH in Texas.

SGH resisted, asserting that Oklahoma courts had no subpoena power to require SGH, a non-resident Texas witness, to produce documents. Craft filed a motion to compel and application for contempt citation, seeking to require SGH's production of the requested documents. SGH again resisted, repeating the lack of jurisdiction of the Oklahoma courts to compel production of documents from SGH, a Texas entity with no contacts with Oklahoma, and by letter to Craft's counsel, advised that SGH would seek reimbursement of costs and attorney fees for defense of the action if counsel did not abandon the meritless attempt.

The matter nevertheless proceeded to hearing. The trial court denied Craft's motion to compel, and awarded SGH expenses incurred in the defense to the discovery action. SGH subsequently submitted a proposed journal entry, to which Craft objected. At an unrecorded hearing on a motion to settle journal entry, the trial court granted SGH judgment for about $2,900.00 against Craft and her counsel jointly, such sum representing those fees and costs incurred by SGH. Craft appeals.

■ As an initial matter, we note that insofar as the trial court did not certify the order denying the motion to compel as immediately appealable, the trial court's order denying the motion to compel production of documents constitutes a non-appealable interlocutory order not subject to review at this time. 12 O.S.Supp.1993 § 994(A). However, insofar as the trial court granted sanctions in the form of a money judgment against Craft and her counsel directing payment of money *pendente lite*, the trial court's order granting a money judgment to SGH constitutes an interlocutory order appealable by right, and our Supreme Court so held prior to assignment of the case to this Court for resolution. 12 O.S. § 993(A)(5). Thus, and while we may not reach the merits of the trial court's ruling on the motion to compel, we must nevertheless examine the basis and authority for Craft's request for production of documents from the non-party SGH in order to reach the merits of the issue before us, i.e., the propriety of the trial court's order

granting sanctions in the form of a money judgment against Craft and her counsel.

■ In that regard, Craft asserts the Oklahoma Discovery Code, 12 O.S. §§ 3224 and 3234, together with the Oklahoma Pleading Code, 12 O.S. §§ 2004 and 2004.1, permit the discovery of documents from non-resident non-parties by subpoena issued in the State of Oklahoma and properly served out-of-state so long as the non-resident has sufficient due process "minimum contacts" with the State of Oklahoma. *See, e.g., World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). We readily distinguish these oft-cited cases, however, as enumerating constitutional due process requirements as to a *party,* more particularly a *party defendant,* not a *witness* as in the present case. We therefore find the cited authority inapplicable to the situation here.

■ We further find neither the Oklahoma Pleading Code, § 2004.1, nor the comments thereto, extend the reach of Oklahoma discovery process beyond the state boundaries. In fact, 12 O.S. § 2004.1(A)(1)(c) specifically permits service of subpoenas *only* "*within the state,*" and the commentary to that section reinforces the "*statewide*" limits of the Oklahoma courts' subpoena powers. *See,* 12 O.S.A. § 2004.1 (West, 1994). Moreover, nothing in the cited sections of the Oklahoma Discovery Code, in our view, expands the scope and reach of Oklahoma discovery process to the extent asserted by Craft, and authority from other jurisdictions clearly recognizes the intra-state limits of state court's process powers. *See, e.g., Ex parte Leverton,* 536 So.2d 41 (Al.1988); *Armstrong v. Hooker,* 135 Ariz. 358, 661 P.2d 208 (App.1982); *State v. Waits,* 92 N.M. 275, 587 P.2d 53 (App.1978); *In re Special Investigation No. 219,* 52 Md.App. 17, 445 A.2d 1081 (1982); *People v. Nieto,* 33 Mich.App. 535, 190 N.W.2d 579 (1971). As the Maryland appellate court observed:

> ... [I]t is axiomatic that 'in the absence of a statute, a state court cannot require the attendance of a witness who is a nonresident of and is absent from the state.' ...

Nor, absent statute, can the State compel a nonresident witness to produce records in the State.... 'Obviously, the subpoena powers of the State ... stop at the state line.' "

*In re Special Investigation No. 219,* 445 A.2d at 1085.

█ Finding no statutory authority in either the Oklahoma Pleading Code or the Oklahoma Discovery Code contemplating extra-territorial effect of Oklahoma discovery process, we thus hold SGH entitled to costs and a reasonable attorney fee in defending Craft's attempted discovery because Craft's attempted discovery of documents by subpoena addressed to the non-resident SGH was not well-founded in fact or law. 12 O.S. § 2011; *First National Bank & Trust Co. of Vinita v. Kissee,* 859 P.2d 502 (Okla.1993). However, we cannot from the record before us say the trial court's award is anything but reasonable. That is to say, upon denial of Craft's motion to compel, the trial court announced its decision on the record awarding SGH reimbursement for expenses incurred. In response to Craft's objection to the proposed journal entry presented by SGH, SGH submitted an affidavit of counsel enumerating the fees and expenses incurred, and the trial court entered judgment therefor at hearing on a motion to settle journal entry, but the parties did not have that hearing transcribed. In the absence of record to the contrary, we presume the court did not err and acted in accord with the evidence adduced. *Mitchell v. Kimbrough,* 491 P.2d 289 (Okla.1971) (trial court's award or denial of attorney fees is presumed correct in the absence of record to the contrary.)

The order of the trial court granting judgment to SGH for costs and attorney fees is therefore AFFIRMED.

JONES, P.J. and GARRETT, C.J., concur.