The National Contract Poultry Growers' Association ("NCPGA") appeals from an order finding it in contempt for its failure to respond to a nonparty subpoena issued at the request of ConAgra, Inc., a defendant in an action pending in the Coffee Circuit Court. We reverse and remand.
On February 27, 1996, a group of poultry growers sued ConAgra, Inc.; one of its subsidiaries, ConAgra Poultry Company; and a number of ConAgra employees, alleging that the defendants had engaged in discriminatory business practices. During the discovery phase of that case, ConAgra requested that the trial court issue a nonparty subpoena to NCPGA for the production of documents.
NCPGA is a corporation organized under the laws of Arkansas, with its principal place of business in Rushton, Louisiana. NCPGA has no office in Alabama, and it is not qualified to do business in Alabama. NCPGA does have an affiliated state organization, the Alabama Contract Poultry Growers' Association. NCPGA's contacts with Alabama are limited to communication with the state association and the fact that a number of its dues-paying members live in Alabama. A number of these members *Page 467 
are plaintiffs in the lawsuit pending in the Coffee Circuit Court. The subpoena was served by certified mail on NCPGA at its office in Rushton, Louisiana. The subpoena sought the production of documents kept by NCPGA at that office. NCPGA did not respond to the subpoena.
Because NCPGA did not respond to the subpoena, ConAgra filed a motion to compel production. The motion to compel was served on NCPGA by certified mail at its Rushton, Louisiana, office. The circuit court held a hearing on ConAgra's motion to compel; however, NCPGA did not appear for the hearing. Following the hearing, the trial court entered an order directing NCPGA to comply with the subpoena. This order was also served on NCPGA by certified mail at its principal place of business in Rushton, Louisiana.
On July 27, 1998, NCPGA filed a motion for a reconsideration of the court's order of compulsion. The trial court denied that motion on September 24, 1998. On the advice of counsel, NCPGA did not produce the documents sought by the nonparty subpoena.
On December 23, 1998, ConAgra filed a motion requesting that NCPGA be required to show cause why it should not be held in contempt. A hearing was set on that motion. NCPGA, through counsel, argued that the trial court lacked the jurisdiction to issue, as well as to enforce, a subpoena directed to a nonparty located outside the State of Alabama. In an order dated January 28, 1999, the trial court rejected NCPGA's argument, stating:
 "[T]he said National Association appeared, through counsel, and presented arguments by which it contended that the National Association is not subject to the force of a subpoena issued by this Court but served outside the State of Alabama. The Court is unpersuaded by such argument since it appears to the Court, and is conceded by the National Association that: (1) It is a corporation organized under the laws of the State of Louisiana [sic]; (2) it does business in the State of Alabama where it solicits members from whom it solicits and collects dues; and (3) it is not qualified to do business in the State of Alabama and does not have an agent within the State of Alabama authorized to accept service of process. The Court considers that, under these circumstances and upon a consideration of Section 232, Constitution of Alabama, § 10-2B-15.10(b), Code of Alabama 1975, Rule 4(c)(6), and Rule 34, [Ala.R.Civ.P.], the National Association was effectively served with the subject subpoena and that its obedience to that subpoena may be enforced within the State of Alabama. It further appears to the Court that the National Contract Poultry Growers' Association has not shown any cause why it should not be [found] in contempt of this Court by failing to respond to the subject subpoena by producing the records therein described and required to be produced. . . ."
Concluding that NCPGA was in contempt, the trial court ordered it to produce the documents requested by the subpoena and to pay ConAgra's counsel $1,000 for expenses and fees incurred in seeking enforcement of the subpoena. Additionally, the court ordered that until such time as NCPGA purged itself of the contempt, it was forbidden from conducting any business activity in Alabama, including, but not limited to: (1) soliciting or accepting any new members of NCPGA; (2) collecting dues from any current NCPGA members; (3) conducting any NCPGA meetings; (4) communicating in any way with any NCPGA members; and (5) communicating or conducting any kind of business with its corresponding Alabama association. This appeal followed.
NCPGA argues that the trial court lacked jurisdiction to issue and enforce a subpoena directed to a nonparty located outside the State of Alabama. Although technically it is not a party to this appeal, ConAgra has filed a brief in support of its contention that NCPGA was properly *Page 468 
served with the subpoena. The gist of ConAgra's argument appears to be that because NCPGA solicits members from Alabama and accepts dues from Alabama poultry growers, it does business in Alabama and has therefore subjected itself to the jurisdiction of Alabama courts. As a foreign corporation doing business in Alabama, ConAgra claims, NCPGA was required to obtain a certificate of authority from the secretary of state. See § 10-2B-15.01, Ala. Code 1975. ConAgra further contends that because NCPGA had no registered agent in Alabama, § 10-2B-15.10, Ala. Code 1975, authorized service as provided for in the Alabama Rules of Civil Procedure.[1]
Rule 34(c), Ala.R.Civ.P., provides that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45," Ala.R.Civ.P. Rule 45 governs the issuance of subpoenas in civil actions. That rule reads, in pertinent part:
"(b) Service.
 "(1) A subpoena may be served by the sheriff, a deputy sheriff, or by any other person who is not a party and is not less than eighteen (18) years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person or by leaving a copy at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein and, if the person's attendance at a place more than 100 miles from the person's residence is commanded, by tendering to that person the fees for one day's attendance and an amount to reimburse the mileage allowed by law. Prior notice of intent to secure the issuance of a subpoena to command production of documents and things or inspection of premises before trial under the procedure set forth in subparagraph (a)(3) of this rule shall be served on each party in the manner prescribed by Rule 5(b).
 "(2) Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the state.
". . . .
"(c) Protection of Persons Subject to Subpoenas.
". . . .
 "(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 "(i) fails to allow reasonable time for compliance;
 "(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of *Page 469 
clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held. . . ."
The fact that NCPGA may have sufficient contacts with the State of Alabama to subject it to the jurisdiction of the Alabama courts under the Alabama long-arm personal-jurisdiction provisions is irrelevant to the question presented in this case. However, a finding that NCPGA is subject to the personal jurisdiction of Alabama courts would not necessarily mean that it was obligated to respond to a subpoena by having to appear and produce documents in an Alabama court in a lawsuit to which it is not a party. The underlying concepts of personal jurisdiction and subpoena power are entirely different. Personal jurisdiction is based on conduct that subjects the nonresident to the power of the Alabama courts to adjudicate its rights and obligations in a legal dispute. For example, a foreign corporation that qualifies to do business in Alabama subjects itself to the jurisdiction of an Alabama court, even if it is not a party to a lawsuit. Ex parte Nissei SangyoAmerica, Ltd., 577 So.2d 912, 914-15 (Ala. 1991). By contrast, the subpoena power of an Alabama court over an individual or a corporation that is not a party to a lawsuit is based on the power and authority of the court to compel the attendance of a person at a deposition or the production of documents by a person or entity. See Ex parte Leverton, 536 So.2d 41, 44 (Ala. 1988) (state trial court does not have jurisdiction over a nonparty, out-of-state witness).
When one seeks a subpoena to secure the attendance of a witness, or to procure the production of documents, located outside the state, a different procedure is warranted. Although we find no Alabama decision addressing this specific situation, one commentator has stated the applicable procedure:
 "Process beyond the jurisdiction of the courts to which these rules apply must depend upon the existence of a rule or statute in the other state or country which makes available compulsory process to foreign litigants who desire to return to their home state for trial with the fruits of discovery thus obtained. For our rule extending this courtesy to foreign litigants who need discovery in Alabama for actions pending outside of Alabama, see Rule 28(c) which makes our Rule 45 available."
1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated
§ 45.2 (3d ed. 1996). This procedure accords with the procedure used in other jurisdictions to secure the issuance of a subpoena for the attendance of a person, or the production of documents from a nonparty, located outside the state's boundaries. See, e.g., Craft v. Chopra, 907 P.2d 1109, 1111 (Okla.App. 1995);Phillips Petroleum Co. v. OKC Ltd. Partnership, 634 So.2d 1186,1189 (La. 1994); In re Special Investigation No. 219,52 Md. App. 17, 24-25, 445 A.2d 1081, 1085-86 (1982).
ConAgra sought to subpoena documents in the possession of NCPGA, documents located in Louisiana. Therefore, the subpoena had to be issued by a Louisiana court and had to be served in accordance with Louisiana law. Louisiana law provides:
 "A subpoena shall be served and a return thereon made in the same manner and with the same effect as a service of and return on a citation. When a party is summoned as a witness, service of the subpoena may be made by personal service on the witness' attorney of record."
Art. 1355, La. Code. Civ. Proc. Ann. (West 1984). Article 1261, La. Code. Civ. Proc. Ann., governs service on domestic and foreign corporations. That article requires personal service on the corporation's designated agent, or, in the absence of a designated agent, personal service on any officer, director, resident agent, or an "employee of suitable age and discretion." *Page 470 
Service by certified mail is allowed only when a subpoena that has been personally served is ordered reissued because of a continuance. Art. 1355.1, La. Code. Civ. Proc. Ann.
For the reasons stated above, the trial court lacked the authority to issue a subpoena directed to NCPGA. Accordingly, NCPGA cannot be held in contempt for failing to respond to that subpoena. The judgment of the trial court holding NCPGA in contempt of court is reversed and this cause is remanded.
REVERSED AND REMANDED.
Hooper, C.J., and Houston, See, and England, JJ., concur.
[1] Section 10-2B-15.10, Ala. Code 1975, entitled "Service on foreign corporation," states:
 "(a) The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation.
 "(b) A foreign corporation may be served as provided by the Alabama Rules of Civil Procedure if the foreign corporation:
 "(1) Has no registered agent or its registered agent cannot be with reasonable diligence served;
 "(2) Has withdrawn from transacting business in this state under Section 10-2B- 15.20; or
 "(3) Has had its certificate of authority revoked under Section 10-2B-15.31.
 "(c) This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation."