# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-00530-SCT

*SYNGENTA CROP PROTECTION, INC.*

*v.*

*MONSANTO COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2004 |
| TRIAL JUDGE: | HON. LARRY O. LEWIS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | LAWRENCE D. WADE |
| | ROECHELLE RYANN MORGAN |
| | DAN W. WEBB |
| ATTORNEYS FOR APPELLEE: | CHARLES M. MERKEL, JR. |
| | J. COLLINS WOHNER, JR. |
| | WILLIAM F. GOODMAN, JR. |
| | BENNIE LENARD RICHARD |
| | CHARLES VICTOR McTEER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 08/04/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH
## NO. 2004-IA-00711-SCT

*SYNGENTA SEEDS, INC.*

*v.*

*MONSANTO COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/24/2004 |
| TRIAL JUDGE: | LARRY O. LEWIS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |

ATTORNEYS FOR APPELLANT:          LAWRENCE D. WADE
                                  ROECHELLE RYANN MORGAN
                                  DAN W. WEBB
ATTORNEYS FOR APPELLEE:           CHARLES M. MERKEL, JR.
                                  J. COLLINS WOHNER, JR.
                                  WILLIAM F. GOODMAN, JR.
                                  CHARLES VICTOR McTEER
                                  BENNIE LENARD RICHARD
NATURE OF THE CASE:               CIVIL – OTHER
DISPOSITION:                      REVERSED AND RENDERED - 08/04/2005
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## CONSOLIDATED WITH
## NO. 2004-IA-00709-SCT

*DOW AGROSCIENCES, LLC*

*v.*

*MONSANTO COMPANY*

DATE OF JUDGMENT:                 03/24/2004
TRIAL JUDGE:                      LARRY O. LEWIS
COURT FROM WHICH APPEALED:        BOLIVAR COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:          LAWRENCE D. WADE
                                  ROECHELLE RYANN MORGAN
                                  DAN W. WEBB
ATTORNEYS FOR APPELLEE:           CHARLES M. MERKEL, JR.
                                  J. COLLINS WOHNER, JR.
                                  WILLIAM F. GOODMAN
                                  CHARLES VICTOR McTEER
                                  BENNIE LENARD RICHARD
NATURE OF THE CASE:               CIVIL – OTHER
DISPOSITION:                      REVERSED AND RENDERED - 08/04/2005
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE COBB, P.J., CARLSON AND GRAVES, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     We granted an interlocutory appeal in these three consolidated cases to consider the propriety of the trial court's entry of orders denying motions to quash subpoenas duces tecum issued at the request of a party to this litigation for service upon non-resident non-parties commanding them to produce documents located outside the State of Mississippi. Finding that the trial court committed error, as a matter of law, in the entry of these orders, we reverse these orders and render.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     On January 18, 2000, Delta and Pine Land Company (Delta) sued the Monsanto Company (Monsanto) in the Circuit of the First Judicial District of Bolivar County, Mississippi. The complaint filed in circuit court contains numerous allegations of breach of contract for which Delta seeks a judgment against Monsanto for at least $2 billion in actual and punitive damages. Some of the allegations, as gleaned from the complaint, are that: (1) In 1997, Delta was the most successful cotton seed company in the nation, with a solid international reputation; (2) from July 1997, through April, 1998, Delta explored alternative strategic transactions with various companies in the industry; (3) with the aid of investment bankers, lawyers and numerous other advisors, Delta conducted due diligence and during this process, various companies, including Monsanto, received confidential information concerning Delta; (4) in May, 1998, Delta and Monsanto agreed in principle to a merger agreement which provided, inter alia, that Monsanto would acquire all outstanding Delta stock and Delta would "merge with and into Monsanto;" (5) Monsanto assured Delta that Monsanto would make diligent efforts to satisfy all demands made by the Department of Justice (DOJ) and the Federal Trade Commission (FTC) to allow the merger to pass muster in accordance

with the provisions of the Hart-Scott-Rodino Antitrust Improvements Act (HSR),[1] and all other relevant antitrust laws; (6) the merger agreement was finalized on May 8, 1998, however, over the course of the next year and a half, Monsanto "drug its feet" and never received DOJ and FTC antitrust clearance under the HSR, thus causing Monsanto to be liable for payment of a termination fee in the amount of $81 million pursuant to the terms of the merger agreement; (7) during the period of time that Monsanto was failing to diligently pursue antitrust clearance for the Delta/Monsanto deal, Monsanto negotiated and closed other corporate acquisitions which required Monsanto to seek and successfully receive antitrust clearance; (8) on December 20, 1999, Monsanto issued a press release announcing its official withdrawal of the filing seeking approval of the proposed Delta/Monsanto merger, faulting "continued delays in the [HSR] review and demands by the [DOJ];" (9) Monsanto's action caused Delta to suffer substantial damages by way of, inter alia, a significant reduction in the value of Delta's stock, damage to Delta's relationships with others in the industry, loss of opportunities to negotiate with other companies in the industry, and extreme loss of morale among Delta employees; and, (10) Monsanto did not pay the mandated termination fee of $81 million until Delta filed suit in a separate action.[2]

¶3.     The twenty-three page trial court docket in today's case reveals that after suit was commenced, extensive discovery occurred between the parties.  Some of this discovery was commenced and obtained by way of the issuance of letters rogatory and commissions for the issuance of subpoenas duces tecum.

---

[1]*See* 15 U.S.C. § 18(a).

[2]Needless to say, Delta's allegations are hotly contested by Monsanto.

¶4. However, on approximately April 14, 2003, April 18, 2003, and February 19, 2004, in connection with this pending litigation, Monsanto caused subpoenas duces tecum to be issued and served upon nonresident nonparties Syngenta Crop Protection, Inc. ("Syngenta Crop"), Dow AgroSciences LLC ("Dow"), and Syngenta Seeds, Inc. ("Syngenta Seeds") respectively through their registered agents in the State of Mississippi. Monsanto's explanation for this action is that it believes that these companies are in possession of voluminous documents which would aid Monsanto in defending Delta's claims that because of Delta's time and effort expended on what turned out to be a failed effort to consummate the merger agreement with Monsanto, Delta was unable to successfully enter into negotiations for mergers with other companies involved in the agricultural and chemical seed markets. These nonparties thereafter filed motions in the pending litigation to quash these subpoenas duces tecum, and on February 19, 2004, and March 26, 2004, the trial court entered orders denying the motions to quash; however, the trial court did make applicable to each nonparty a previously entered protective order regarding confidential documents. The trial court likewise stayed the effect of these orders and granted these nonparties' motions for certification of an interlocutory appeal to this Court.[3] By order entered on May 10, 2004, a three-justice panel of this Court granted these nonparties' petition for an interlocutory appeal, consolidated these causes for appeal purposes, and directed the nonparties and parties in this interlocutory appeal to proceed consistent with the provisions of M.R.A.P. 10 & 11.

---

[3]This Court amended M.R.A.P. 5 effective December 9, 2004, for all trial court orders entered from and after March 1, 2005, by eliminating the necessity of seeking trial court certification prior to petitioning this Court for permission to bring an interlocutory appeal. Thus, this amended rule did not apply to the case sub judice.

**DISCUSSION**

¶5. The trial court entered separate certification orders as to the nonparties, and while the issue certified is stated differently in each order, a review of these orders clearly reveals that the trial court deemed worthy of this Court's consideration via interlocutory appeal: "[W]hether, under Mississippi law, a non-resident, non-party corporation located outside the State of Mississippi, whose [only] significant contact with Mississippi is its formal business registration and a registered agent for service of process, is subject to the subpoena power of the Mississippi courts." Thus the trial court's entry of orders denying the nonparties' motions to quash subpoenas duces tecum on the grounds as stated by the trial court presents to us a pure question of law. The standard of review for questions of law, such as questions concerning motions to quash subpoenas and personal jurisdiction of courts, is de novo. *See Columbia Land Dev., LLC v. Secretary of State*, 868 So.2d 1006, 1011 (Miss. 2004); *G. B. "Boots" Smith Corp. v. Cobb*, 860 So.2d 774, 777 (Miss. 2003); *Sanderson Farms, Inc. v. Gatlin*, 848 So.2d 828, 834 (Miss. 2003); *Burch v. Land Partners, L.P.*, 784 So.2d 925, 927 (Miss. 2001); *State v. Bapt. Mem'l Hosp.-Golden Triangle*, 726 So.2d 554, 557 (Miss. 1998).

¶6. Syngenta Crop, Syngenta Seeds, and Dow are not parties to the underlying litigation. Syngenta Crop is incorporated under the laws of the state of Delaware and maintains its principal place of business in Greensboro, North Carolina. Thus, Syngenta Crop is neither incorporated in nor maintains its principal place of business in Mississippi. The record reveals that other than having a registered agent for service of process in Mississippi, Syngenta Crop's only contact with this state is its ownership of a small research facility with a few employees in Leland, Mississippi. Syngenta Seeds is incorporated under the laws of the state of Delaware

6

and maintains its principal place of business in Golden Valley, Minnesota. Thus, Syngenta Seeds is neither incorporated in nor maintains its principal place of business in Mississippi. Syngenta Seeds does not own or maintain offices, production facilities or other property in Mississippi. Dow is incorporated under the laws of the state of Delaware and maintains its principal place of business in Indianapolis, Indiana. Thus, Dow is neither incorporated in nor maintains its principal place of business in Mississippi. Dow does not own or maintain offices, production facilities or records within the state of Mississippi, nor does it have employees in this state.

¶7. In the present action, Monsanto is seeking to obtain documents maintained by nonresident nonparties outside of the State of Mississippi. In ruling on the motions to quash the subpoenas duces tecum, the circuit court recognized that "there is no authority in Mississippi directly addressing" this issue presented on appeal. However, the circuit court found that Syngenta Crop, Syngenta Seeds and Dow were qualified to do business in Mississippi and had designated agents for service of process. Although noting that the documents in question were located outside of the State of Mississippi, citing Miss. Code Ann. § 79-4-15.05(b), the circuit court determined that because "a foreign corporation with a valid certificate of authority has the same but no greater rights and has the same but no greater privileges and . . . is subject to the same duties, restrictions, penalties and liabilities now or later imposed on a domestic corporation," a qualified nonresident corporation must also comply with a properly-issued subpoena.

¶8. Although this is a case of first impression in this state, several jurisdictions have held that a court's subpoena power does not extend beyond the state in which it sits. In the case of

7

*In re Nat'l Contract Poultry Growers' Ass'n*, 771 So.2d 466 (Ala. 2000), a group of poultry growers sued ConAgra, Inc., among several other defendants, alleging improper business practices. ConAgra requested that the trial court issue a nonparty subpoena to The National Contract Poultry Growers' Association ("NCPGA") for production of documents. *Id.* at 466. NCPGA was incorporated in Arkansas with its principal place of business in Rushton, Louisiana. *Id.* While NCPGA was not qualified to do business in Alabama, it did have an affiliated state organization, the Alabama Contract Poultry Growers' Association. *Id.* The subpoena was served by certified mail on NCPGA at its office in Rushton, Louisiana. *Id.* at 467. The subpoena sought the production of documents kept at the Louisiana office. *Id.*

¶9.    NCPGA refused to respond to the subpoena, and a motion to compel was filed by ConAgra. *Id.* The trial court entered an order directing NCPGA to comply with the subpoena; however, the NCPGA argued that the "trial court lacked the jurisdiction to issue, as well as enforce, a subpoena directed to a nonparty located outside the State of Alabama." *Id.* The trial court once again rejected NCPGA's argument. NCPGA appealed to the Alabama Supreme Court which reversed the judgment of the trial court. The Supreme Court of Alabama determined that:

> The fact that NCPGA may have sufficient contacts with the State of Alabama to subject it to the jurisdiction of the Alabama courts under the Alabama long-arm personal-jurisdiction provisions is irrelevant to the question presented in this case. However, a finding that NCPGA is subject to the personal jurisdiction of Alabama courts would not necessarily mean that it was obligated to respond to a subpoena by having to appear and produce documents in an Alabama court in a lawsuit to which it is not a party. *The underlying concepts of personal jurisdiction and subpoena power are entirely different.* Personal jurisdiction is based on conduct that subjects the nonresident to the power of the Alabama courts to adjudicate its rights and obligations in a legal dispute. For example, a

8

foreign corporation that qualifies to do business in Alabama subjects itself to the jurisdiction of an Alabama court, even if it is not a party to a lawsuit. ***Ex parte Nissei Sangyo America, Ltd.***, 577 So.2d 912, 914-15 (Ala. 1991). By contrast, the subpoena power of an Alabama court over an individual or a corporation that is not a party to a lawsuit is based on the power and authority of the court to compel the attendance of a person at a deposition or the production of documents by a person or entity. See ***Ex parte Leverton***, 536 So.2d 41, 44 (Ala. 1988) (state trial court does not have jurisdiction over a nonparty, out-of-state witness).

When one seeks a subpoena to secure the attendance of a witness, or to procure the production of documents, located outside the state, a different procedure is warranted. Although we find no Alabama decision addressing this specific situation, one commentator has stated the applicable procedure:

> "Process beyond the jurisdiction of the courts to which these rules apply must depend upon the existence of a rule or statute in the other state or country which makes available compulsory process to foreign litigants who desire to return to their home state for trial with the fruits of discovery thus obtained. For our rule extending this courtesy to foreign litigants who need discovery in Alabama for actions pending outside of Alabama, see Rule 28(c) which makes our Rule 45 available."

1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 45.2 (3d ed.1996). This procedure accords with the procedure used in other jurisdictions to secure the issuance of a subpoena for the attendance of a person, or the production of documents from a nonparty, located outside the state's boundaries. See, e.g., ***Craft v. Chopra***, 907 P.2d 1109, 1111 (Okla.App. 1995); ***Phillips Petroleum Co. v. OKC Ltd. Partnership***, 634 So.2d 1186, 1189 (La. 1994); ***In re Special Investigation No. 219***, 52 Md.App. 17, 24-25, 445 A.2d 1081, 1085-86 (1982).

771 So. 2d at 469 (emphasis added). Therefore, the Alabama Supreme Court held that to obtain documents located in Louisiana, "the subpoena had to be issued by a Louisiana court and had to be served in accordance with Louisiana law." ***Id.*** We likewise note that in making its decision, the Alabama Supreme Court relied at least in part on cases from Maryland and Oklahoma.

¶10.    In ***Phillips Petroleum Co. v. OKC Ltd. Partnership***, 634 So.2d 1186 (La. 1994), Phillips issued a subpoena to an out-of-state, nonparty corporation, CKB Petroleum, requiring the nonparty to appear and produce documents at a deposition in Louisiana. The Supreme Court of Louisiana held that "a Louisiana court has no statutory or other authority to order a nonresident corporation, not a party to the litigation, to appear and produce documents at a deposition to be taken in Louisiana, even when the nonresident corporation is otherwise subject to the personal jurisdiction of the court." ***Id.*** at 1187.

¶11.    As in the case sub judice, this was an issue of first impression for the courts of Louisiana. Like Monsanto, Phillips argued that CKB's having an agent for service of process was enough to subject CKB to the jurisdiction of the Louisiana courts. ***Id.*** Although the Louisiana Supreme Court agreed with Phillips, the court further held that:

> Finding CKB subject to the personal jurisdiction of Louisiana courts, however, does not necessarily mean that this Texas corporation is bound to respond to a subpoena, duly received, by having to appear and produce documents in a Louisiana court in a lawsuit in which they are not a party. *The concepts, and/or underlying purposes, of personal jurisdiction and subpoena power are simply different.* Personal jurisdiction is based on conduct which subjects the nonresident to the power of the Louisiana court to adjudicate its rights and obligations in a legal dispute, sometimes arising out of that very conduct. On the other hand, the subpoena power of a Louisiana court over a "person" which is not a party in a lawsuit is based on the power and authority of the court to compel the attendance at a deposition of that person in a legal dispute between other parties. Whereas the long-arm statute extends Louisiana's personal jurisdiction over persons or legal entities beyond Louisiana's borders, there is no similar authority for extending the subpoena power of a Louisiana court beyond state lines to command in-state attendance of nonresident nonparty witnesses.

***Id***. at 1187-88 (citing ***Hohner v. Travelers Ins. Co.***, 246 So.2d 727 (La. Ct. App. 4th Cir. 1971); La. Code of Civil Procedure article 1431 (now 1435)) (emphasis added).

¶12. Syngenta Crop, Syngenta Seeds and Dow are nonresident nonparties to the underlying lawsuit. These corporations maintain their principal places of business outside the state of Mississippi, but have designated registered agents within the State of Mississippi to maintain their business registrations and to permit service of process in connection with any legal dispute arising from the companies' conduct or contacts with the State. However, in the case sub judice, Syngenta Crop, Syngenta Seeds and Dow are not involved in any legal disputes. The fact that these nonresident corporations are subject to the personal jurisdiction of our state courts in cases in which they are parties is of no moment in today's case. Their registered agents were merely used by Monsanto in an effort to gain access to documents located outside of the state to be used in a legal dispute between Monsanto and Delta. As noted by the supreme courts of our sister states, the basic concepts of personal jurisdiction and subpoena power are vastly different. *In re Nat'l Contract Poultry Growers' Ass'n*, 771 So.2d at 469; *Phillips Petroleum*, 634 So.2d at 1187-88.

¶13. All of this having been said, we find a Mississippi statute to be of significant import in aiding us in today's case. Miss. Code Ann. § 79-4-15.10(a) states:

> The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice or demand required or permitted by law to be served on the foreign corporation.

In addressing the interpretation and application of this statute, Monsanto and Syngenta Crop, Syngenta Seeds and Dow say very little. In its brief, Monsanto asserts:

> The [Mississippi Business Corporation] Act expressly provides for service on foreign corporations that obtained a certificate of authority. Miss. Code Ann. § 79-4-15.10 ("Service of foreign corporations"). Where a registered agent has been designated and is amenable to service as required by the Act, the Act declares that the registered agent shall be the foreign corporation's agent for all

11

forms of service, this is, for any "process, notice or demand required or permitted by law." § 79-4-15.10(a). Where a registered agent has not been maintained as required, the Act authorizes service by registered or certified mail addressed to the secretary of the foreign corporation at its principal office. § 79-4-15.10(b).

On the other hand, Syngenta Crop, Syngenta Seeds and Dow counter Monsanto's argument in a footnote in their reply brief as follows:

> Moreover, Monsanto's argument renders the Act internally inconsistent. Monsanto's interpretation of the word "process" in § 79-4-15.05 to include *subpoenas* is inconsistent with the method of service for such process provided for by § 79-4-15.10, which states "a foreign corporation may be served by registered or certified mail." § 79-4-15.10(b). *Subpoenas*, however, cannot be properly served by mail; they must be served in person. Miss. R. Civ. P. 45(c)(1). Accordingly, the term "process" simply cannot include subpoenas without rendering the statute internally inconsistent. *See **Miss. Gaming Comm'n v. Imperial Palace of Miss**.*, 751 So.2d 1025, 1029 (Miss. 1999) (applying the rules of statutory construction when interpreting several provisions of an act, and stating that "[s]tatutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each") (quoting **Roberts v. Miss. Republican Party Executive Comm.**, 465 So.2d 1050, 1052 (Miss. 1985) (internal quotes omitted). The fact that a foreign corporation may be served in various ways under the Act pursuant to § 79-4-15.10(d) means only that the process that can be mailed (Summons) can also be served in different ways. Recognizing that the summons described in the Act can be served in multiple ways in no way expands the definition of process to include subpoenas, which must be served only one way – personally, Miss. R. Civ. P. 45(c)(1).

We agree with Syngenta Crop, Syngenta Seeds, and Dow. As to Miss. R. Civ. P. 45(c)(1), the applicable provisions state that "[s]ervice of the subpoena shall be executed upon the witness personally." Conversely, the provisions of Miss. R. Civ. P. 4 allow for different methods of service of a summons, such as personally, by first-class mail (postage prepaid), by publication, and by certified mail (return receipt requested). The unequivocal language of Section 79-4-15.10(b) provides for service upon a foreign corporation "by registered or certified mail,

12

return receipt requested, addressed to the secretary of the foreign corporation" if the foreign corporation has no registered agent, has withdrawn from transacting business in the state, or has had its certificate of authority revoked. However, as correctly pointed out by Syngenta Crop, Syngenta Seeds and Dow, Rule 45 (c)(1) does not provide for service of subpoena other than by way of personal service. Thus in reading Section 79-4-15.10(a) and Section 79-4-15.10(b), as well as our rules of civil procedure, in pari materia, there is no doubt that the statutory language stating that a foreign corporation's registered agent is that corporation's agent "for service of process, notice or demand required or permitted by law to be served on the foreign corporation," does not authorize a party's service of a subpoena duces tecum upon nonresident nonparties. Thus, we unhesitatingly find that the provisions of Section 79-4-15.10(a) do not provide for the issuance of a subpoena duces tecum for service upon a foreign corporation's registered agent for service of process, when that foreign corporation is not a party to the litigation. As we have hopefully made abundantly clear, the concepts of personal jurisdiction and subpoena power are altogether different.

¶14. Because we find that there is no statutory or other authority which would allow a Mississippi court to compel Syngenta Crop, Syngenta Seeds and Dow, as nonresident nonparties, to produce documents located outside of this state, the orders denying the motions to quash subpoenas duces tecum must be reversed.

¶15. Notwithstanding today's decision, Monsanto is not without recourse. A review of the twenty-three page trial court docket in the case sub judice reveals that the commission process has been utilized by the parties and the trial court on numerous occasions. Although the docket does not reflect at whose behest the commissions were issued by the trial court, the nonparties

13

submit to us, unchallenged, in their brief that Monsanto has utilized the commission process in this case "on at least thirty-six occasions." The commission process is hardly foreign to Mississippi jurisprudence. *See Barnes v. Confidential Party*, 628 So.2d 283, 285 (Miss. 1993); *Rogers v. Rogers*, 290 So.2d 631, 632-33 (Miss. 1974); *Int'l Paper Co. v. Wilson*, 243 Miss. 659, 669, 139 So.2d 644, 648 (1962); *Electric Reduction Co. of Canada, Ltd. v. Crane*, 239 Miss. 18, 24-25, 120 So.2d 765, 767 (1960). Thus, Monsanto, or any party, has available the process whereby the circuit court could consider the issuance of a commission to the appropriate out-of-state forum requesting that a subpoena duces tecum issue from that forum for service on the nonparty resident in that state.

### CONCLUSION

¶16. In sum, we hold that a Mississippi court cannot subpoena a nonresident nonparty to appear and/or produce in Mississippi documents which are located outside the State of Mississippi, even if that nonresident nonparty is subject in another context to the personal jurisdiction of the court. We find that the circuit court improperly issued subpoenas duces tecum to Syngenta Crop, Syngenta Seeds, and Dow, being nonresident nonparties, for documents located outside of the State of Mississippi. Thus, we reverse the orders denying the motions to quash subpoenas duces tecum filed by Syngenta Crop, Syngenta Seeds and Dow, and we render judgment here quashing the subpoenas duces tecum served on Syngenta Crops Protection, Inc., Syngenta Seeds, Inc., and Dow Agrosciences, LLC.

¶17. **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**