**134 Nev., Advance Opinion 5**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOHN B. QUINN, AN INDIVIDUAL; MICHAEL T. ZELLER, AN INDIVIDUAL; MICHAEL L. FAZIO, AN INDIVIDUAL; AND IAN S. SHELTON, AN INDIVIDUAL; AND ELAINE P. WYNN, AN INDIVIDUAL, Petitioners, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE, Respondents, and KIMMARIE SINATRA, AN INDIVIDUAL; WYNN RESORTS, LIMITED, A NEVADA CORPORATION, Real Parties in Interest. | No. 74519 FILED FEB 0 8 2018 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Original petition for a writ of prohibition or mandamus challenging a district court order granting a motion to compel depositions.

*Petition granted.*

McDonald Carano LLP and Pat Lundvall, Las Vegas,
for Petitioners John B. Quinn, Michael T. Zeller, Michael L. Fazio, and Ian S. Shelton.

Lewis Roca Rothgerber Christie LLP and Daniel F. Polsenberg, Joel D. Henriod, and Abraham G. Smith, Las Vegas; Greenberg Traurig, LLP, and Mark E. Ferrario and Tami D. Cowden, Las Vegas; Sidley Austin, LLP, and James M. Cole, Washington, D.C.; Sidley Austin, LLP, and Scott D. Stein, Chicago, Illinois,
for Petitioner Elaine P. Wynn.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-05208

Brownstein Hyatt Farber & Schreck LLP and Mitchell J. Langberg, Las Vegas; Pisanelli Bice PLLC and Todd L. Bice, James J. Pisanelli, and Debra L. Spinelli, Las Vegas; Glaser Weil Fink Howard Avchen & Shapiro LLP and Robert L. Shapiro, Los Angeles, California,
for Real Parties in Interest.

BEFORE THE COURT EN BANC.[1]

## *OPINION*

By the Court, HARDESTY, J.:

In this writ petition, we consider whether a Nevada district court has authority to compel an out-of-state[2] attorney to appear in Nevada for a deposition as a nonparty witness in a civil action pending in Nevada state court where the attorney has appeared pro hac vice in the action. We conclude that it does not. Because the district court lacked authority to compel the out-of-state nonparty witnesses to be deposed, we grant the writ petition and vacate the district court's order.

## *FACTS AND PROCEDURAL HISTORY*

This writ petition arises from ongoing litigation in Nevada state court involving Wynn Resorts, Ltd., and Elaine Wynn. Petitioners John B. Quinn, Michael T. Zeller, Michael L. Fazio, and Ian S. Shelton (collectively, Quinn Emanuel attorneys) are attorneys at the law firm of Quinn Emanuel

[1]The Honorable Ron D. Parraguirre, Justice, and the Honorable Kristina Pickering, Justice, voluntarily recused themselves from participation in the decision of this matter.

[2]For the purposes of this opinion, "out-of-state" means a nonresident who is located outside of the state.

Urquhart & Sullivan, LLP, a firm based in California, who represented Elaine in the Wynn Resorts litigation from January 2016 to March 2017. All four attorneys are California residents and were granted pro hac vice admission in Nevada for the purpose of that litigation. While represented by Quinn Emanuel, Elaine asserted claims against real parties in interest Kimmarie Sinatra (general counsel for Wynn Resorts) and Wynn Resorts.

In September 2017, approximately six months after Quinn Emanuel had withdrawn from representing Elaine, Sinatra filed a retaliatory "abuse of legal process" counterclaim against Elaine, alleging that the abuse of process began in early 2016 when Elaine retained Quinn Emanuel to represent her. The counterclaim alleged that, through Quinn Emanuel, Elaine attempted to intimidate Sinatra into accepting a settlement proposal, filed a pleading asserting frivolous and false claims against her, and abused the discovery process. In October 2017, pursuant to California's Uniform Interstate Depositions and Discovery Act, Sinatra caused deposition subpoenas to be issued in California directing the Quinn Emanuel attorneys to appear for deposition in California in late October.

The Quinn Emanuel attorneys objected to the California subpoenas and, after unsuccessful meet and confer efforts, filed a petition to quash the subpoenas in the California superior court on October 23. The petition alleged, among other things, that service of the subpoenas was defective and that Sinatra sought information that was protected by attorney-client privilege and work-product privilege and could not satisfy the test to depose an opposing party's counsel. Sinatra filed an ex parte application in the California court to compel the depositions and shorten the time on hearing the petition so that the Quinn Emanuel attorneys could be deposed before the November 3 discovery cutoff date in the Nevada

action. The attorneys opposed the application and sought sanctions. The California court denied Sinatra's request on October 27, explaining that such short notice was never appropriate and was especially not appropriate here where there were attorney-client privilege issues and where a shortened time schedule would deprive the moving parties "of due process and would certainly deprive the court of time to fully consider and prepare the motion."

On October 30, Sinatra filed in the Nevada district court a motion to compel depositions and requesting an order shortening time. Sinatra asserted that the Quinn Emanuel attorneys had attempted to evade service of the subpoenas and had filed a frivolous petition to quash the subpoenas in the California court, and, since the California court refused to hear the matter until after the discovery cutoff date, she was asking the Nevada court to hear the matter on shortened time and to order the attorneys to appear for deposition in Nevada by the discovery cutoff date. The motion further asserted that, because the Quinn Emanuel attorneys had appeared before the district court as counsel for Elaine in this case, the district court had personal jurisdiction over them. The motion also argued that the district court's power under NRCP 37(a) to enter an order compelling discovery and the court's discretion over discovery matters provided the district court with the authority to grant the motion. The Quinn Emanuel attorneys opposed the motion, arguing that the Nevada district court had no jurisdiction over the California discovery dispute. The district court granted the request to shorten time and set a hearing for November 6.

At the hearing, petitioners' counsel argued that the Quinn Emanuel attorneys all reside in California and were issued California

subpoenas, and there is no rule of procedure, statute, or rule of practice that allows the Nevada district court to compel the depositions and usurp the power of the California court over this discovery dispute. Petitioners' counsel further argued that the district court did not have jurisdiction over the dispute under the Uniform Interstate Depositions and Discovery Act, which had been adopted by both California and Nevada, because the matter was pending in the California superior court, which had already exercised jurisdiction over the matter and denied a similar request by Sinatra. Petitioners' counsel asked the district court to decline hearing the motion and let it be heard in California pursuant to the uniform act and full faith and credit and comity principles. The district court found that it had jurisdiction over the attorneys because they had appeared in Nevada court in this case on a pro hac vice basis. The district court granted Sinatra's motion to compel the depositions of the attorneys and ordered the depositions to take place in Las Vegas. The district court entered a stay of its order to allow petitioners to file a writ petition with this court.

After the petitioners filed the instant writ petition, the California superior court held a hearing on the petition to quash the subpoenas and granted it. The California court concluded that it had jurisdiction over the subpoenas, applied a three-prong test identical to that used in Nevada for determining the propriety of attorney depositions,[3] and found that Sinatra failed to establish a proper basis for deposing the Quinn Emanuel attorneys. The California court also found that Sinatra's

---

[3]A party seeking to depose an opposing party's counsel in Nevada must first "demonstrate that the information sought cannot be obtained by other means, is relevant and nonprivileged, and is crucial to the preparation of the case." *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 225, 276 P.3d 246, 247 (2012).

opposition to the petition to quash was without substantial justification and thus ordered Sinatra to pay sanctions in the amount of $10,000 to the attorneys. The parties stipulated not to enforce the orders until the instant writ petition is resolved, and Sinatra agreed not to appeal the California court's order quashing the subpoenas.

## DISCUSSION

*Writ relief is appropriate*

The decision to entertain a writ petition lies solely within the discretion of this court. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). A writ of mandamus or prohibition may issue only "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330. A writ of prohibition may be granted when the district court exceeds its jurisdiction, NRS 34.320, and may be an "appropriate remedy for the prevention of improper discovery." *Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 171 n.5, 252 P.3d 676, 678 n.5 (2011).

The Quinn Emanuel attorneys are not parties to the action below, NRAP 3A(a), and a pretrial order granting a motion to compel witnesses to sit for depositions is not substantively appealable, NRAP 3A(b). Therefore, an appeal is not available to them, and they do not have a plain, speedy, and adequate remedy in the ordinary course of law. Furthermore, they claim that the writ is necessary to prevent improper disclosure of privileged and confidential information and because the district court had no jurisdiction to enter its order against them. Because a writ of prohibition is an appropriate method for making these challenges to a district court order and the Quinn Emanuel attorneys have no other adequate remedy, we exercise our discretion to entertain this writ petition.

 

*The district court did not have authority to order out-of-state nonparty witnesses to appear in Nevada for depositions*

The Quinn Emanuel attorneys argue that the district court lacked jurisdiction to order them to appear in Nevada for depositions as nonparty witnesses. Because their petition challenging the validity of the discovery subpoenas was pending in the California superior court, the Quinn Emanuel attorneys contend that the California court had exclusive jurisdiction over the discovery dispute. Sinatra argues that the district court's order was proper because the district court's inherent authority over the attorneys who appear and practice in district court, combined with the court's authority over discovery matters, gave it inherent authority to compel the attorneys to comply with discovery.

The Nevada Rules of Civil Procedure provide that the attendance of a nonparty deponent at a deposition may be compelled by subpoenas as provided by NRCP 45. NRCP 30(a)(1); NRCP 45(a)(2). NRCP 45(b)(2) restricts the service of a subpoena on a nonparty to "any place within the state." Thus, as is evident from this rule, the subpoena power of Nevada courts over nonparty deponents does not extend beyond state lines. NRCP 45's intra-state limitation on Nevada courts' subpoena power is consistent with authority from other states recognizing the geographic restrictions of a state's discovery process. *See, e.g., Colo. Mills, LLC v. SunOpta Grains & Foods, Inc.*, 269 P.3d 731, 732 (Colo. 2012) ("Colorado courts, as a matter of state sovereignty, have no authority to enforce civil subpoenas against out-of-state nonparties."); *Attorney Grievance Comm'n of Md. v. Mixter*, 109 A.3d 1, 9 (Md. 2015) ("[T]he subpoena powers of the State of Maryland stop at the state line." (internal quotation marks omitted)); *Craft v. Chopra*, 907 P.2d 1109, 1111-12 (Okla. Civ. App. 1995) (concluding that the reach of Oklahoma's discovery process does not extend beyond the

state boundaries); *see also* Ryan W. Scott, *Minimum Contacts, No Dog: Evaluating Personal Jurisdiction for Nonparty Discovery*, 88 Minn. L. Rev. 968, 984 (2004) ("Most states retain strict limits on the reach of the subpoena power, holding that subpoena service cannot reach nonparties found outside the state."). This territorial restriction on state courts' subpoena powers "reflects the traditional concept of states as sovereign powers, exercising plenary jurisdiction within their territories but largely powerless beyond state lines." Scott, *supra*, at 984.

In recognition of the limited reach of the subpoena power, Nevada and many other states, including California, have "adopted the Uniform Interstate Depositions and Discovery Act ('UIDDA'), which provides a mechanism for parties litigating in one state, the trial state, to issue a subpoena to a nonparty in another state, the discovery state." *Colo. Mills*, 269 P.3d at 734 (internal quotation marks omitted).[4] The UIDDA provides that when a party seeks out-of-state discovery, the party must first obtain a subpoena from the trial state (here, Nevada) and then submit that subpoena to the clerk of court in the discovery state (California), who then reissues the subpoena within the discovery state. Any motion practice associated with the discovery subpoena, such as a motion to enforce or quash a subpoena, must take place in the discovery state and is governed by the law of the discovery state. The commentary to the UIDDA explains the rationale behind this: "[T]he discovery state has a significant interest in protecting its residents who become non-party witnesses in an action pending in a foreign jurisdiction from any unreasonable or unduly

---

[4]*See* NRS 53.100–.200 (Nevada's version of the UIDDA); Cal. Civ. Proc. Code §§ 2029.100–.900 (West 2018) (California's version of the UIDDA).

burdensome discovery requests." UIDDA § 6 cmt. (Unif. Law Comm'n 2017).

In seeking to compel the depositions of the Quinn Emanuel attorneys, Sinatra initially complied with the procedures set forth in California's version of the UIDDA. Sinatra sought to depose the Quinn Emanuel attorneys in the California county in which they worked and resided. She obtained subpoenas first from the Nevada district court directing the Quinn Emanuel attorneys to appear for deposition in California, and then caused those deposition subpoenas to be reissued in California. Cal. Civ. Proc. Code §§ 2029.300, 2029.350 (West 2018). After the Quinn Emanuel attorneys filed a motion to quash the subpoenas in the California court, Sinatra moved to enforce the subpoenas by filing a motion to compel in the California court. Cal. Civ. Proc. Code § 2029.600(a) (West 2018) (providing that any request to enforce or quash a subpoena may be filed in the superior court in the county where the discovery is to be conducted). Because the discovery was to take place in California and the deposition subpoenas were issued in California, the California court had jurisdiction over the discovery dispute that ensued between the Quinn Emanuel attorneys and Sinatra. *Id.* This jurisdiction did not end merely because the California court refused to resolve the discovery dispute by the discovery cutoff date in the Nevada action as requested by Sinatra.

Sinatra's attempt to enforce the California subpoenas in Nevada district court while a challenge to those subpoenas was pending in the California court was improper, and we conclude the Nevada district

court had no authority to grant her motion to compel.[5] California's UIDDA governed the discovery dispute, and thus the authority to resolve the attorneys' petition to quash the subpoenas and Sinatra's motion to compel rested with the California superior court. This conclusion is consistent with Nevada's own UIDDA, codified at NRS 53.100-.200, which contemplates that enforcement of a subpoena issued to an out-of-state nonparty rests with "the court in the county in which discovery is to be conducted."[6] NRS 53.190; *see also* NRS 53.200 (providing that, in applying and interpreting the UIDDA, "consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it"). In addition, NRCP 37(a)(1) requires that a motion to compel a nonparty deponent "be made to the court in the district where the deposition is being, or is to be, taken," rather than in the district court where the action is filed. Thus, it is clear that any application for an order to compel should have been made to and adjudicated by the California court.

Sinatra argues that, regardless of the California court's jurisdiction over the discovery dispute, the Nevada district court properly

---

[5]The parties do not suggest, and the record does not reflect, that any Nevada subpoena requiring the Quinn Emanuel attorneys to appear for deposition in Nevada was issued to or served on the Quinn Emanuel attorneys in Nevada.

[6]Other states have likewise interpreted their own uniform acts as evidencing a legislative intent "that enforcement of civil subpoenas against out-of-state nonparties is left to the state in which the discovery is to take place." *Colo. Mills*, 269 P.3d at 735; *see also Yelp, Inc. v. Hadeed Carpet Cleaning, Inc.*, 770 S.E.2d 440, 445 (Va. 2015) (explaining that Virginia's "UIDDA affords protection to Virginia citizens subject to a subpoena from another state by providing for enforcement of the subpoena in Virginia," and "[i]n turn, the UIDDA contemplates that Virginia courts will respect the territorial limitations of their own subpoena power").

exercised its jurisdiction in granting the motion to compel. Sinatra contends that the district court was not enforcing the California subpoenas but rather was acting pursuant to its inherent authority when it ordered the Quinn Emanuel attorneys to appear in Nevada for depositions. Sinatra's argument, however, mischaracterizes the record. The district court's own statements in granting the motion to compel indicate that the district court's order was dependent on the California subpoenas, as no deposition notice or subpoena had been issued to the Quinn Emanuel attorneys for their appearance in Nevada. As we explained above, the district court had no authority to enforce the deposition subpoenas issued in California.

Even if we assume that Sinatra's motion to compel was not an attempt to enforce the California subpoenas and that the district court's order was independent of those subpoenas, Sinatra's arguments about the district court's inherent authority fail for several reasons. First, because no subpoena or notice for deposition in Nevada was issued to the attorneys, there was no discovery in Nevada with which they could be ordered to comply.[7] Second, in light of the territorial restrictions on the district court's subpoena powers, the district court had no authority to compel the Quinn Emanuel attorneys to appear in Nevada.

In determining that it had authority to compel the out-of-state nonparty attorneys to appear for depositions in Nevada, the district court relied on the Quinn Emanuel attorneys' pro hac vice applications to find that the attorneys had subjected themselves to the jurisdiction of Nevada

---

[7]At oral argument, Sinatra suggested for the first time that the motion to compel was better characterized as a request to extend the discovery cutoff date. This assertion is belied by the record.

SUPREME COURT
OF
NEVADA

(O) 1947A

11

courts. By using this jurisdiction as the basis for its subpoena authority, the district court appeared to conflate personal jurisdiction with subpoena power. As other jurisdictions have recognized, the concept of personal jurisdiction is different from that of subpoena power. *See In re Nat'l Contract Poultry Growers' Ass'n*, 771 So. 2d 466, 469 (Ala. 2000); *Phillips Petroleum Co. v. OKC Ltd. P'ship*, 634 So. 2d 1186, 1187 (La. 1994); *Yelp*, 770 S.E.2d at 443. Personal jurisdiction is based on conduct that subjects an out-of-state *party* "to the power of the [Nevada] court to adjudicate its rights and obligations in a legal dispute, sometimes arising out of that very conduct." *Phillips*, 634 So. 2d at 1187-88; *see also* NRS 14.065(1), (2). Subpoena power, on the other hand, "is based on the power and authority of the court to compel the attendance at a deposition of [a *nonparty*] in a legal dispute between other parties." *Phillips*, 634 So. 2d at 1188. Here, the out-of-state witnesses are not parties to the civil action pending in Nevada. And the fact that the Quinn Emanuel attorneys were admitted pro hac vice in the Nevada action would not confer on the Nevada district courts the power to require them to appear for deposition as nonparty witnesses.[8] *See Syngenta Crop Prot., Inc. v. Monsanto Co.*, 908 So. 2d 121, 129 (Miss. 2005) ("[A] Mississippi court cannot subpoena a nonresident nonparty to appear and/or produce in Mississippi documents which are located outside the State of Mississippi, even if that nonresident nonparty is subject in another context to the personal jurisdiction of the court."); *Yelp*, 770 S.E.2d at 443 ("[T]he power to compel a nonresident non-party to produce documents in Virginia or appear and give testimony in Virginia is not based

---

[8]We make no decision on whether an attorney's pro hac vice admission in Nevada could subject the attorney to the personal jurisdiction of the Nevada courts in a civil action in which the attorney is a party.

 

on consideration of whether the nonresident non-party would be subject to the personal jurisdiction of a Virginia court if named as a defendant in a hypothetical lawsuit."). Accordingly, we conclude that the district court's basis for exercising subpoena power over the witnesses was erroneous.

Finally, Sinatra argues that the district court nevertheless properly relied on the attorneys' pro hac vice admission to justify its grant of the motion to compel because the district court's inherent authority over attorneys who appear and practice in court provides the court with authority to compel those attorneys to comply with discovery. In support of this broad assertion, Sinatra cites to caselaw providing that district courts have the power to sua sponte remove counsel from representing a defendant, sanction or refer counsel to the State Bar for misconduct, and order an evidentiary hearing to ascertain whether counsel's conflict screening measures were adequate to protect the client in a case before the court. Sinatra's argument in this regard is unavailing. The inherent power of the court over attorneys is not limitless, and there is no logical connection between the court's power to compel a nonparty witness to sit for deposition and the court's power to regulate the legal profession and stop or redress professional misconduct by out-of-state counsel. Sinatra sought to compel the Quinn Emanuel attorneys' appearance in their role as witnesses, not in their role as attorneys. Allowing the court to order an out-of-state nonparty witness to appear for a deposition merely because that witness happens to be an attorney is not consistent with the court's inherent authority over the legal profession. *See* SCR 39 ("Authority to admit to practice and to discipline [attorneys] is inherent and exclusive in the courts."); SCR 99(2) (recognizing the court's "power to maintain control over proceedings conducted before it, such as the power of contempt"). Thus, we decline to

recognize an exception to the district court's subpoena power over an out-of-state nonparty witness when that witness is an attorney who has practiced in Nevada courts.

## CONCLUSION

We conclude that the district court had no authority to enforce out-of-state subpoenas issued to out-of-state nonparty witnesses or to compel those witnesses to appear in Nevada for deposition in a civil action. Accordingly, we grant the petition for writ relief and direct the clerk of this court to issue a writ of prohibition directing the district court to vacate the order granting the motion to compel depositions.[9]

_____, J.
Hardesty

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Stiglich

---

[9]In light of our decision, we deny as moot petitioners' motion to extend the district court's stay.