# IN THE SUPREME COURT OF THE STATE OF NEVADA

QUOPY LIMITED, A GIBRALTAR LIMITED COMPANY,
Appellant,
vs.
DUON GLOBAL SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY; AND JUSTIN WILLIAMS, AN INDIVIDUAL,
Respondents.

No. 83240

FILED

OCT 25 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss for forum non conveniens in a contract action. Eighth Judicial District Court, Clark County; Veronica Barisich, Judge.

Appellant Quopy Limited, a Gibraltar incorporated company, filed a breach of contract suit in Nevada against respondents Duon Global Services, LLC, a Delaware company registered to do business in Nevada, and Justin Williams, a United Kingdom (U.K.) citizen (collectively, DGS). Quopy's claims arise from two beer coaster campaigns that DGS was to run throughout the U.K. for two of Quopy's clients: BoyleSports Limited (an Ireland company) and Grosvenor Casino (a U.K. company).

Per the terms of each campaign, DGS would distribute the coasters to 200 establishments throughout the U.K. per client, guarantee 500 depositing customers per client, and provide Quopy with distribution lists of the venues and SMS/text reports of customers who clicked through the registration page. DGS sent an invoice to Quopy that listed DGS's Henderson address. Quopy wired a total of £40,000 pounds (the equivalent

22-33552

of approximately $55,000 in U.S. dollars) in advance for the two campaigns from its bank in London, England, to DGS's bank in California.

Williams and DGS's staff in England handled the campaigns for Quopy. The campaign for BoyleSports commenced in Birmingham, England, but received only 4 of the 500 guaranteed depositing customers. Quopy followed up with the campaign manager at DGS and with Williams individually via email about the campaign, the distribution lists, and SMS/text reports, but was unable to resolve the issue. At some point after this in 2020, Quopy retained U.K. counsel and contacted DGS regarding the campaigns. In discussing the alleged breach of contract, Quopy communicated with DGS's "Finance Head," Kimberly Jenkins, who is based in Henderson, Nevada. Quopy later filed suit in Nevada against DGS for breach of contract. DGS filed a motion to dismiss for forum non conveniens, which the district court granted. Quopy now appeals.

This court reviews a district court's decision to grant a motion to dismiss based on forum non conveniens for an abuse of discretion. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 131 Nev. 296, 300, 350 P.3d 392, 395-96 (2015). In deciding a motion to dismiss for forum non conveniens, the court must consider three factors: (1) "the level of deference owed to the plaintiff's forum choice," (2) "whether an adequate alternative forum exists," and (3) whether dismissal is warranted given public and private interest factors. *Id.* at 300-01, 350 P.3d at 396 (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion under the facts of this case. First, while Quopy contends that the district court applied the incorrect level of deference, "a foreign plaintiff's choice of a United States forum is entitled to less deference." *Id.* at 301, 350 P.3d at

Supreme Court
OF
Nevada

(O) 1947A

2

396. "[A] foreign plaintiff's choice will be entitled to substantial deference only where the case has bona fide connections to [the forum] and convenience favors the chosen forum." *Id.* Here, Quopy does not have bona fide connections to Nevada because the parties did not meet in Nevada, Quopy did not allege that DGS solicited business from its Nevada office, the agreement was to be performed in the U.K., and the agreement was allegedly breached in the U.K. Moreover, convenience does not favor Nevada because all evidence and witnesses besides Jenkins are located in the U.K. Accordingly, the level of deference given by district court to Quopy's choice of forum was proper.

Second, an adequate alternative forum exists if "the defendant is amendable to process in the other jurisdiction," *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981) (internal quotation marks omitted), and the alternative forum "provide[s] the plaintiff with some remedy for his wrong." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). DGS consented to jurisdiction in the U.K. and has demonstrated that the courts in the U.K. can hear contract disputes. Thus, an adequate alternative forum exists.

Third, the public and private interest factors weigh in favor of dismissal. While Nevada likely has some interest in the case because DGS is a registered Nevada business with an office in Nevada, the transactions occurred in the U.K., not Nevada. Further, the relevant witnesses and evidence are mainly located in the U.K. Because the compulsory process for unwilling witnesses located in the U.K. would be burdensome, this likewise favors dismissal. *See Quinn v. Eighth Judicial Dist. Court*, 134 Nev. 25, 29, 410 P.3d 984, 987 (2018) (stating that "the subpoena power of Nevada courts over nonparty deponents does not extend beyond state lines").

SUPREME COURT
OF
NEVADA

(O) 1947A

3

We therefore conclude that the district court did not abuse its discretion in granting the motion to dismiss for forum non conveniens. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon


cc:   Hon. Veronica Barisich, District Judge
William C. Turner, Settlement Judge
Simons Hall Johnston PC/Reno
Salerno Law Firm, PLLC
Eighth District Court Clerk